AARON SMITH, plaintiff in error, *vs.* the STATE OF GEORGIA, defendant in error.

1. An accessory before the fact to the crime of arson cannot be put upon his trial until after the conviction of the principal felon, at least not without some special reason recognized by law, showing why the principal has not been tried.

2. The confessions of a principal felon, as to his own guilt, are competent evidence to show that fact on the trial of the accessory, but the confessions must be such as would be competent evidence on the trial of the principal, and must not be induced by another with the slightest hope of benefit or remotest fear of injury to the party making them.

3. The verdict in this case is not supported by any legal evidence.

Criminal law. Accessory before the fact. Confessions. Before Judge SESSIONS. Echols Superior Court. April Term, 1872.

Aaron Smith was placed upon trial for being an accessory before the fact to the offense of arson, committed by Albert Franklin. Albert Franklin was present and testified on Smith's trial. He had not then been placed on trial.

The following portions of the testimony are all that are material to an understanding of the decision of the Court, to-wit:

Albert Franklin, sworn: "They took me down to the place at the branch to look at the tracks; they all had guns, and scared me; Mr. Green told me that if I knew anything and did not tell it, that I would be taken to the river swamp, cut open, filled with sand and thrown into the river; Mr. Green did not say he would do it, but that he had known such things to be done or to turn out in that way. I said Aaron gave me one match, but he did not give me any. I told

them Aaron gave me one match and told me, and I went and burned the house. I did not show them the tracks at all; they showed them to me. I told them that Aaron gave me the match and I burned it, but it was not so. I was scared. They all told me that if I would tell the truth about it, I would come clear. J. L. Crawford and his son, Thomas, Mr. Hendrix and Mr. Elmore told me this."

The following evidence was objected to by defendant's counsel, and the objection overruled by the Court:

Isham Herndon, sworn: "I said to him (Albert Franklin) 'sit down here and tell me all about it.' He was sitting down and I asked, 'Alph., what made you do it?' He said, 'I reckon it was the old devil; yes, I know it was wrong and I am sorry for it; I did not do it with a torch—I did it with a match.' After that he got up and walked off from me. There was no threat made by any parties at all. He went up to the lot, and about one hour after that time he said he could show the tracks where he crossed the branch. There were no inducements offered to him to make him confess anything, nor was it through any fear."

James Carter, sworn: "We asked him (Albert Franklin) how he came to burn all that corn—what made him do it? He replied that the old devil made him do it. His mother asked him what made him do it. He replied that uncle told him to. No intimidation was used, but, on the contrary, he was assured that he would not be hurt."

Adam Zeigler, sworn: "Aaron (Smith) said to me to tell Albert not to use his name—not to bring him into the burning scrape. I delivered the message to Albert. He said that he burned it, and was told to burn it—that a certain man told him to do it."

The jury found the defendant guilty. A motion for a new trial was made, upon the following grounds, to-wit:

1st. Because the Court charged the jury that "an accessory before the fact can be tried before the principal in the crime," although the principal was in Court awaiting his trial.

2d. Because the Court erred in admitting in evidence the

confessions of Albert Franklin, the principal felon, for the purpose of showing his guilt.

3d. Because the verdict was contrary to the law and the evidence.

The motion for a new trial was overruled by the Court, and defendant excepted and assigned said rulings as error.

W. H. DASHER; H. G. TURNER, by brief, for plaintiff in in error. The trial of the principal must precede that of the accessory: Black. Com., p. 40, 323; Wharton's Am. Crim. Law, sec. 135; 1st Parker's C. C., 246; 17th Ga. R., 196; 28th Ga. R., 217; Code, secs. 4420, 4421.

SIMON W. HITCH, Solicitor General, represented by NEW-MAN & HARRISON, for the State.

McCAY, Judge.

It was a well-settled rule at common law, that the accessory could not be put upon his trial until after the conviction of the principal felon: Wharton's American Criminal Law, section 135, 1st volume. This was changed by the Act of Anne, so that if the principal felon was delivered in any way after conviction and before attaint, the accessory might be tried. In the special case of the offense of receiving stolen goods, there was an exception to the rule if the principal was outlawed. And this rule is, in effect, adopted by the provisions of our Code: Revised Code, section 4421. But we know of no other legislation changing the common law. There would seem to be great incongruity in trying, and perhaps, convicting one as accessory to the crime of another, when perhaps the next day the principal may be found not guilty.

As we understand this record, the defendant in this case, on his arraignment excepted on the ground that the principal had not yet been tried. We think it was error to put him on trial. We are not prepared to say that had the principal in this case been convicted, his confessions would not have been

good evidence to show *his* guilt on the trial of the accessory. The conviction would be only *prima facie* against the accessory and it might be supplemented and sustained by the confessions. But they must be confessions made under circumstances when they would be testimony against the principal. Is that the case here? The man himself says, on oath, that they were extorted from him. This, it is true, is contradicted by the other witnesses, but even they say he was promised he should not be hurt. This is just as fatal to them as legal evidence as extortion. Hope is just as powerful an inducement, if brought to bear as fear: Revised Code, section 3740. The evidence going to show the guilt of the accused, even if the guilt of the principal were established, is hardly of any weight. The prisoner had great influence and control over the principal, and after the principal was arrested the prisoner sent word to him by a friend not to bring him into it. We do not think such evidence as this sufficient to justify a conviction. We are ready to go a long way to sustain verdicts, but this would be going rather too far. There is no evidence in either of the circumstances to warrant any inference of guilt.

Judgment reversed.