### GROVES *vs.* THE STATE OF GEORGIA.

1. Although the ordinary of a county who took part in the larceny of county property under his care, before the qualification of his successor, might have been indicted for embezzlement, yet where he was indicted as an accessory before the fact who counseled, commanded, advised and instigated others to commit a larceny of property found in the courthouse of the county, where it had been deposited for safe-keeping, and was convicted of a misdemeanor because the property stolen was valued at less than fifty dollars, such conviction was legal.

2. The evidence, taken together, was sufficient to show, beyond a reasonable doubt, that the indictment was found and returned within the time required by the statute of limitations after the commission of the offense.

3. Where one indicted as principal on a charge of larceny from the house pleaded guilty, and his plea was entered of record, this was sufficient to authorize the court to proceed with the trial of another defendant indicted as an accessory before the fact, although no judgment had been rendered on the plea of guilty entered by the principal.

(a.) Where, pending the trial of the accessory, the court permitted the principal to withdraw his plea of guilty, there was no error of which the defendant could complain in charging the jury that the plea of guilty, which was filed and entered by the principal before the trial of the accessory began, was still before them and might be considered by them only to show that fact; that it was not conclusive evidence of the guilt of the principal, and that they should consider other evidence outside of that furnished by the record to establish this fact.

(b.) The court went too far in indulging the defendant, when he permitted the principal to withdraw his plea of guilty pending the trial of the accessory and offered the defendant an opportunity to withdraw his case and have a mistrial declared on that account.

4. A defendant may be convicted of a lower grade of the offense than that with which he stands charged in the indictment. Therefore, where the defendant was charged with being an accessory before the fact in a larceny of goods of more than fifty dollars in value, a verdict finding him guilty of a misdemeanor, because the goods were of less value than fifty dollars, was not illegal.

April 6, 1886.

Evidence. Larceny. Embezzlement. Accessory. Practice in Superior Court. Before Judge LUMPKIN. Habersham Superior Court. September Term, 1885.

Reported in the decision.

BARROW & THOMAS; C. H. SUTTON; CRANE & JONES; E. K. LUMPKIN, for plaintiff in error.

W. S. ERWIN, solicitor general, by FRANK L. HARALSON; S. C. DUNLAP; CLAUD ESTES, for the state.

HALL, Justice.

Ben. C. Martin, Ezekiel Fuller, R. N. Groves, W. N. Jones, Jas. W. West, Jas. A. Roberts, John E. Porter and Eph. Sosby were presented jointly by the grand jury of Habersham county at the March term, 1885, for larceny from the house. The presentment contained three counts. In the first, all of them were charged as principals. In the second, Groves and Fuller were charged as accessories before the fact. In the third, all except Martin and Porter were charged as accessories after the fact. Upon demurrer to the third count, it was stricken. A *nolle prosequi* was entered as to Jones, West, Fuller, Roberts and Sosby. It was conceded by the state and so charged that Groves could not be convicted on the first count. He was, there-

fore, put upon trial on the second, and on it alone, which charged him as accessory before the fact.

On being arraigned, Martin, who was charged with being the principal thief, pleaded guilty, and the plea was entered on the minutes of the court, though there was no judgment or sentence pronounced on the defendant in accordance with the plea.

On the trial of Groves, who was charged as accessory before the fact, this plea, together with the indictment, was admitted in evidence to show the trial and conviction of the principal thief. Pending this trial and before sentence on the plea, Martin was permitted to withdraw it and to enter a plea of not guilty, and an order to this effect was passed by the court, but precisely at what stage of the trial of Groves this was done is not clearly shown from the record; though it is most probable that it occurred after the state had closed its testimony. Why Groves's trial was interrupted and Martin was allowed, during its progress, to call up this matter and withdraw his plea, we do not understand, but whatever the purpose was, we are satisfied that the proceeding was both irregular and improper. Action upon his application to withdraw his plea should have been deferred until this trial had been terminated, or until he was called up for sentence, and before the sentence on it was pronounced. Groves was allowed to give in evidence the withdrawal of the plea, and the order of the court passed in consequence thereof. It is evident that the state had no agency in bringing about this condition of affairs, and it is highly probable, if not altogether certain, that it was the result of an understanding between Groves and Martin to afford the former an additional ground of defence fabricated while his trial was in progress; but whatever the purpose may have been, it proved unavailing in the end, for this verdict was returned:

"We, the jury, find the defendant, R. N. Groves, guilty of a misdemeanor on the second count, the value of the property stolen being less than fifty dollars."

The defendant's motion for a new trial, upon the following grounds, was overruled:

(1.) Verdict contrary to law.

(2.) Verdict contrary to evidence, and without evidence to support it.

(3.) The court erred in charging the jury as follows: "Before you would be authorized to convict Groves, you must be satisfied, beyond a reasonable doubt, that Ben. C. Martin committed the offense of larceny from the house as charged. The record of his plea of guilty cannot be used to show Martin's guilt, because the court permitted Martin, as he had a right to do, to withdraw that plea."

It is proper to add, in connection with this motion, that the court allowed the record of this plea to remain in evidence only to show that it was filed and entered of record before the trial began, and in view of its withdrawal, he held it no longer admissible, and instructed the jury that they should not consider it for any other purpose than that just stated, but that they might look to the testimony outside of that record to determine whether the guilt of Martin had been thereby established, and if this proof did not satisfy their minds that Martin was guilty, then their investigation should end, and they ought to acquit the defendant, but for the purpose of ascertaining the guilt or innocence of Martin, they should consider the sworn evidence of any witness who testified before them.

The specific assignment of error on this instruction is, that it insists that the defendant, Groves (to use the precise words of his counsel as set forth in their abstract of the case), "could be convicted, notwithstanding the fact that the principal had not been tried, and that they could try the question of the principal's guilt along with that of Groves, all in the same case, the principal not being on trial, and Groves being tried on the second count alone, which charged him only as accessory."

After Martin's plea was withdrawn, the court stated that the defendant might, if he saw proper, move to with-

draw the case from the jury, and a mistrial would be declared, but he declined to give it this direction.

The questions argued before this court were:

(1.) That inasmuch as the defendant, Groves, was ordinary of the county of Habersham, and as such was intrusted with, and had the care and custody of, the property of the county alleged to have been stolen, if liable to indictment at all, he could only be proceeded against under section 4421 of the Code, which prescribes the offense and specifies the indictment proper in cases of such public officers for embezzling, secreting, stealing, fraudulently taking and carrying away the effects in question, and that he was not liable under the indictment on which he was tried and convicted.

(2.) Because the evidence failed to show, beyond a reasonable doubt, that the larceny charged in the indictment was committed within the period prescribed by the statute of limitations.

(3.) The verdict is contrary to law because the defendant was tried as an accessory before the fact, prior to the conviction of Martin, the principal offender, and because the judge's charge relative thereto was erroneous, as set forth in the last ground of the motion for a new trial.

(4.) The verdict finding the defendant guilty of misdemeanor on the second count of the indictment, which charged him with being an accessory before the fact to a felony, amounted in law to his conviction, as a principal, upon an allegation in the indictment that he was an accessory; that the verdict was therefore contrary to the charge contained in the indictment, and was for that reason illegal.

1. That the defendant, under the proof in this case, was guilty of embezzlement, and might have been proceeded against and convicted of that offense, we think, scarcely admits of a doubt, but that he is consequently relieved of liability from the charge preferred against him, as was suggested, rather than insisted on, by his counsel, we are

not prepared to admit. The jury found that he counseled, commanded, advised and instigated others to commit a larceny of property found in the court-house, a building belonging to the county, in which its property was found, and where it had been deposited for safe-keeping. According to the terms of the Code, defining larceny from the house, §§4413, 4418, and those specifying the conditions on which one is to be regarded as an accessory, either before or after the fact, §§4306, 4307, 4308, the defendant was proved guilty of being an accessory before the fact to the offence for which the principal was indicted.

2. The exception that the evidence did not show, beyond a reasonable doubt, that the indictment was not found and returned within the time required by the statute of limitations is not well-founded in fact. Although there was no direct proof of the time when this larceny was committed, yet there was an abundance of evidence from which it was necessarily inferred that it must have occurred within less than two months of the finding and return of the indictment. It was shown by the testimony of Martin, Reynolds and Hill that it was committed between the election, which occurred on the 7th day of January, 1885, and the qualification of the officers chosen at that election. Mr. Hill, who was Groves' successor in the office of ordinary, got his commission and was qualified on the 22d of January, 1885. It was further proved that there was a necessity to commit this larceny, and to destroy the books and papers stolen before the newly-elected officers entered upon the discharge of their duties, in order to conceal the defalcations and peculations of some of their predecessors, especially those of the defendant, Groves, who, it appears, was largely in arrears to the county for money which he had misappropriated, and for which he had never accounted.

3. Whether the defendant was tried before the principal offender was convicted will depend on the correctness of the position taken by his counsel, that a plea of guilty, without a judgment rendered on it, is not such a conviction

of the principal as authorizes the court to proceed with the trial of an accessory.   We do not think this position tenable.   The plea received and recorded is, in all essential respects, the equivalent of a verdict of guilty returned and entered on its minutes.   It is true that the plea may, at any time before sentence on it is pronounced, be withdrawn, and that the verdict can only be arrested or set aside for cause shown on a motion in arrest, or for a new trial, and this whether a judgment has been rendered on it or not.   So that both are liable to be gotten rid of before the case is finally disposed of; but so far as resorted to for the purpose of showing the guilt of the principal *prima facie*, in order to bring on the trial of the accessory, they stand upon the same footing.   Under the law, as it formerly stood, a person convicted of a felony and sentenced on the conviction, was an incompetent witness, but before judgment was pronounced on the conviction, he could testify, and hence it was the usual practice, where it was desirable to use him as a witness, since it was the judgment and not the verdict or plea that disqualified, to suspend the judgment until the end of the trial of his co-defendants. In *Thornton's* case, 25 *Ga*, 301, 304, the principal, who was found guilty but not sentenced, was held competent to testify on the trial of an accessory before the fact to the felony for which he was convicted, and this was deemed a sufficient conviction of the principal to put the accessory upon trial.   But, even if this were not the case, the defendant, being found guilty of a misdemeanor only, would seem to dispense with the necessity of considering this point, as it is settled law that in misdemeanors there are no accessories, but all are principals.

There was no error, at least, none of which the defendant had a right to complain, in instructing the jury that the plea of guilty, which was filed and entered by the principal before the trial of the accessory began, was still before them, and might be considered by them only to show that fact; that it was not conclusive evidence of the

guilt of the principal, and that they should consider other evidence, outside of that furnished by the record, to establish this fact. *Smith's* case, 46 *Ga.*, 298, 300, 301. We think, however, that the court went too far in indulging the defendant, when he allowed the principal to withdraw this plea pending the trial, and in offering the defendant an opportunity to withdraw his case, and on that account to have a mistrial declared. The exception taken to this charge is unfounded, as the jury were not thereby instructed that the defendant could be convicted, although the principal had not been tried. Such was not, as it seems to us, the purport or meaning of the charge.

4. It is no longer a question that a party may be convicted of a lower grade of an offense than that with which he stands charged in the indictment; *major in se continet minus* is an axiom directly applicable to this subject. Felonies charged in the indictment are thus converted into misdemeanors, and no judge can hold, or, so far as we are aware, has ever held, that the allegations in the pleading, which charge the higher offense and set forth the particular act of which the party is convicted, are insufficient to sustain the verdict; and especially is this true in cases of larceny, where the legal character of the offense is made to depend upon the value of the property stolen. In this case, we must say that the verdict rendered was extremely favorable to the defendant; the evidence certainly warranted, and perhaps demanded, that he should have been convicted of a felony.

Judgment affirmed.