## BROOKS *v.* THE STATE.

1. Where two persons are in one count of an indictment charged as joint principals, and one of them in another count is also charged as accessory before the fact, it is not erroneous on the trial of the latter, upon the indictment as a whole, to admit in evidence confessions made by the other accused person, after the enterprise had ended, to establish his guilt as principal, such confessions being limited to this purpose by the action of the presiding judge. Such evidence, relatively to the second count mentioned, is admissible as tending to establish the necessary element in the guilt of the person charged as accessory, to wit the guilt of his alleged principal.

2. A ground of a motion for a new trial based on alleged newly discovered evidence is without merit, when the certificate of the judge affirmatively shows that such evidence was known to the accused, and referred to on the trial.

3. The verdict in this case was contrary neither to law nor to the evidence.

Argued November 1, — Decided November 15, 1897.

Indictment for murder. Before Judge Hutchins. Jackson superior court. August term, 1897.

Grady Reynolds and Addison Brooks were indicted for the murder of M. C. Hunt. Upon the trial of Brooks he was found guilty, and a new trial having been denied, he excepted. There was testimony showing a full confession of the crime by each of the accused at different times and places, corroborated by numerous circumstances. Reynolds appeared as a witness for

the State, and gave a detailed and circumstantial account of the commission of the murder and of the events preceding and following the same. The motion for a new trial, in addition to the general grounds, complains that "the court admitted, over objection of defendants' counsel, the testimony of F. M. Johnson as to two confessions made by Grady Reynolds, the objection being that the confession of one joint offender or conspirator made after the enterprise is ended is admissible only against himself." As to this ground the judge states: "The evidence of the witness F. M. Johnson as to a confession made by Reynolds to him was offered by the State's counsel in support of the count in the indictment charging Reynolds as principal in the first degree, and Brooks as principal in the second degree, and admitted to show Reynolds's guilt; and everything said in that confession that tended to connect Brooks with the homicide was excluded." For the other facts see the opinion.

E. T. Brown and H. C. Tuck, for plaintiff in error.

J. M. Terrell, attorney-general, and C. H. Brand, solicitor-general, contra.

LITTLE, J. The plaintiff in error was put on trial under a bill of indictment which charged one Grady Reynolds and himself with the murder of M. C. Hunt. One of the counts in the indictment charged Reynolds as principal, and the plaintiff in error as accessory before the fact. The indictment was full and set out in legal form all the averments necessary, and to it no exception was made.

1. The plaintiff in error being so on trial, it was necessary under the rules of law, in order to support the charge that the plaintiff in error was guilty as accessory before the fact, that the guilt of the person charged as principal should be made to appear. For this purpose F. M. Johnson was introduced as a witness for the State, to prove confessions alleged to have been made by Reynolds of his guilt. This was objected to because of the principle, that confessions of one joint offender or conspirator, made after the enterprise is ended, are admissible only against himself. It is not to be denied that this is a sound proposition, and well established in the administration

of criminal law. As we understand its application, however, to the present case, the evidence of Johnson is not subject to its operation. An accessory is one who is not the chief actor in the offense, nor present at its commission; an accessory before the fact is one who, being absent at the time of the commission of the crime, procures, counsels, or commands another to commit the crime. It is therefore necessary, before one can be found guilty as accessory before the fact, that some one must not only be charged with having perpetrated the crime, but the guilt of that person must be established. *Simmons* v. *State*, 4 *Ga.* 465. In the trial of the plaintiff in error it was necessary, then, to establish the guilt of Reynolds as principal of the actual murder of Hunt, before Brooks could be convicted as accessory. The method of establishing the guilt of Reynolds, in part, was by proving his free and voluntary confessions of guilt, not for the purpose of establishing the charge against Brooks, but for the establishment of the guilt of Reynolds, the principal; and confessions of the principal for this purpose are clearly admissible under section 1009 of the Penal Code. This point was expressly decided in the case of *Smith* v. *State*, 46 *Ga.* 298. There, as here, a person charged as accessory was on trial. Confessions of the principal were proved to establish the guilt of the principal, and this court held that such confessions were competent evidence to show the fact of the guilt of the principal on the trial of such accessory. The only qualification attached to such evidence by the ruling of the court in that case was, that such confessions must be such as would be competent evidence on the trial of the principal; the evidence in this case is clearly within this rule. See also *Studstill* v. *State*, 7 *Ga.* 2. An examination of the record discloses the fact that the trial judge was very careful to exclude from the evidence of the confessions of Reynolds all reference to the participation of plaintiff in error with the homicide. There was no error in the admission of this testimony for the purpose for which it was admitted.

2. The further ground of the motion for a new trial, by way of an amendment, was in these words: "Defendant amends his motion, and prays the court to set aside the verdict and grant

him a new trial, on the ground of the newly discovered evidence of Sigmund Ragowskey." What this newly discovered evidence was does not appear in the record, and could therefore avail nothing to the plaintiff in error. If, however, it had been set out and made clearly to appear, and proper diligence under the rule had been shown, it still could not have availed the plaintiff in error anything in this case. The judge, in certifying the grounds of the motion for a new trial, says in relation to this ground: "The newly discovered evidence as contained in the affidavit of Rev. S. Ragowskey was known to the movant at the trial, and the facts stated were admitted or explained by Reynolds upon cross-examination by movant's counsel." This being true, the ground that a new trial should be awarded for newly discovered evidence is without merit.

3. The only further grounds were, that the verdict is contrary to the evidence, and decidedly and strongly against the weight of the evidence. We do not think so. On the contrary, the evidence satisfactorily establishes that the murder was deliberately planned, and carried into execution with the most revolting details by the parties charged, and there does not appear a single extenuating or mitigating circumstance in favor of either of the parties convicted of this offense. To us it seems that the guilt of the defendant is clearly established, and no room was left for the jury to entertain a reasonable doubt. They declared the defendant guilty. In our judgment the evidence in the case sustains their finding. The law has been shockingly violated. For his participation in the crime the plaintiff in error must pay the penalty which the law affixes for such a crime. Let the judgment of the court below refusing to grant a new trial be         *Affirmed. All the Justices concurring.*