HOWARD <i>v.</i> THE STATE.

1. One may be an accessory before the fact to the offense of wilfully and maliciously setting fire to and attempting to burn a house which may be the subject-matter of the crime of arson.
2. Such a house is sufficiently described in an indictment averring that it was "a certain guard and jail house" in a named village, and was the property of that village.
3. On the trial of one charged with being an accessory before the fact to the commission of a particular crime, evidence tending to show that the accused had a motive for desiring this crime to be committed, and that he had actually endeavored to induce one other than the person named in the indictment as principal to commit it, was admissible for the State.
4. On such a trial, the free and voluntary declarations or admissions of the alleged principal are admissible to show his guilt; but neither declarations nor admissions of an alleged principal which merely tend to incriminate the alleged accessory are admissible against the latter, if made after the completion of the criminal enterprise.
5. A charge which gave to evidence of the character last indicated in the preceding note the same effect as the sworn testimony of an accomplice was erroneous.

Argued October 5,—Decided October 27, 1899.

Indictment for attempt to commit arson.    Before Judge Bennet. . Pierce superior court.    May term, 1899.

*J. L. Sweat, W. A. Milton,* and *A. E. Cochran,* for plaintiff in error.    *J. M. Terrell, attorney-general, John W. Bennett, so-licitor-general,* and *Estes & Walker,* contra.

LUMPKIN, P. J.    The grand jury of Pierce county returned a bill of indictment against John Ford and J. R. Howard, containing two counts.    In the first, both were charged with "the offense of an attempt to commit arson, for that the said John Ford and J. R. Howard . . unlawfully, wilfully, and maliciously did set fire to and attempt to burn a certain guard and jail house in the city, town, and village of Patterson, in said county, the same being then and there the property of the said city, town, and village."    The second count charged Howard "with having committed the offense of being accessory before the fact to the offense of an attempt to commit arson, for that the said John Ford . . did unlawfully, wilfully, and maliciously set fire to and attempt to burn" the house in question, and Howard, "being absent at the time the said crime of an attempt to commit arson was committed, as aforesaid, did then and there unlawfully, maliciously, and wilfully procure, counsel, and command the said John Ford to commit said crime as aforesaid." Howard was put on trial, and, before pleading to the merits, demurred to the indictment as follows: "(1) Because said defendant is not charged in said indictment, in either of the counts thereof, with any crime under the laws of Georgia.    (2) Because there is no such offense, under the laws of Georgia, of an attempt to commit arson, as charged in the first count of said indictment.    (3) Because there is no such an offense, under the laws of Georgia, of accessory before the fact to the offense of an attempt to commit arson, as charged in the second count of said indictment.    (4) Because the house described in the first and second counts of said indictment, upon which it is alleged the offense of an attempt to commit arson was perpetrated, is described as a certain guard and jail house in the city, town, and village of Patterson, the same being then and there the property of the said city, town, and village of Patterson ; said description

being too general and indefinite and such as is unauthorized and not warranted by law." The demurrer was overruled, and Howard was convicted. He excepted to the refusal of the court to sustain his demurrer, and also to a judgment denying him a new trial.

1. Section 136 of the Penal Code defines arson as "the malicious and wilful burning of the house or outhouse of another." The next section declares that "the wilful and malicious burning, or setting fire to, or attempting to burn, a house in a city, town, or village, whether the house be the property of the perpetrator or of another, shall be punished" as a capital offense. It will thus be seen that the act of "setting fire to," or the act of "attempting to burn," a house in a city, town, or village, if wilfully and maliciously committed, is made by law an offense punishable in the same manner as the wilful and malicious burning of such a house. In the first count of the indictment both Ford and Howard are accused of setting fire to and attempting to burn the jail house in Patterson. Logically, and from the standpoint of common sense, the charge thus made against these persons really meant that they set fire to the house and in this manner attempted to burn it. In the second count Ford was charged with setting fire to and attempting to burn the house, and this count contained the further averment that Howard procured, counseled, and commanded Ford "to commit said crime as aforesaid." The plain meaning of this is, that Howard incited Ford to set fire to and attempt to burn the jail. Inasmuch as setting fire to this house was a distinct offense, and as it was an act the doing of which could be incited by another, we have no difficulty in holding that the indictment was good. It is true that no section of the Penal Code may contain the phrase "attempt to commit arson," but, as we have shown, section 137 does make punishable the act either of feloniously setting fire to, or attempting to burn, a house in a city, town, or village, the doing of either of which necessarily constitutes an attempt to commit arson. So far, therefore, as the first three grounds of the demurrer are concerned, it deals with a mere play upon words and is entirely without merit.

2. The ground of the demurrer alleging insufficiency in the

description of the house is also without merit.    Indeed, the demurrer is itself defective, in that it fails to point out in what respects the description is incomplete.    Certainly, one accused of setting fire to, or inciting another to set fire to, a jail and guard house of a designated village, the same being the property of that village, could never for an instant doubt to what particular building the indictment referred.

3. Complaint is made that, during the progress of the trial, the court, over objection of counsel for the accused, admitted the testimony of a witness to the effect that, shortly before the attempt to burn the jail was committed, the accused had endeavored to induce the witness to burn the building, and had expressed a determination to have the same burned because he had once been imprisoned in it.    This evidence was admissible. It tended to show a felonious intent formed by the accused to commit the offense with which he was charged. . His expressions, as testified to by the witness, were in the nature of a threat, and disclosed, moreover, a motive for procuring the crime to be committed.

4. It appeared on the trial that Ford was detected in the act of setting fire to the jail, and that while attempting to make his escape he was shot down and arrested.    Over the objection of Howard, the court allowed a witness to testify to certain declarations made by Ford after he had been taken into custody, to the effect that he came there to burn the jail at the instance of Howard, who had loaned him his pistol and incited him to become the chief actor in the commission of the criminal enterprise.    Such parts of these declarations as embraced incriminating admissions or confessions on the part of Ford tending to show his guilt were admissible in evidence; for it was necessary for the State to prove that Ford was guilty as a principal in order to establish the guilt of Howard as an accessory, and any pertinent testimony tending to show this essential fact was certainly admissible.    It makes no difference that the State may have had other and stronger proof of Ford's guilt; for it was undeniably the right of the prosecution to introduce all relevant evidence at its command.    On the other hand, the declarations of Ford, in so far as they implicated Howard,

were not admissible. They were not declarations of a conspirator made during the pendency of the criminal enterprise, nor did they constitute a part of the res gestæ of the offense with which either Ford or Howard was charged; for it distinctly appears, as will have been seen, that the felonious act which Ford intended to commit, and did commit, was fully completed, that he voluntarily started to leave the scene of his crime, and that the declarations with which we are now dealing were made while he was in custody. Clearly they were not immediately connected with the act of setting fire to the jail; for they did not escape from him while engaged in the prosecution of that act, and the circumstances under which they were uttered completely negative all idea that they so closely followed that act in point of "time as to be free from all suspicion of device or afterthought." See Civil Code, § 5179. Accordingly they are to be treated as amounting to neither more nor less than a mere narrative of something which had occurred in the past between Ford and Howard.

5. It seems, however, that the trial court regarded these declarations as if they stood upon the same footing as would the sworn testimony of an accomplice introduced against the accused; for in a portion of its charge to the jury, of which complaint is made, instructions were given them upon that branch of the law which relates to the corroboration of the testimony of an accomplice. No witness professing to be an accomplice was sworn, and these declarations constituted the only basis for such instructions. It is evident, therefore, that the law bearing upon the testimony of accomplices and the corroboration thereof was entirely inapplicable to the facts of the present case, and no instructions upon the subject should have been given.

The motion for a new trial presents other questions of minor importance, but the case upon its substantial merits is disposed of by what is said above.

*Judgment reversed.　All the Justices concurring.*