## CANTRELL v. THE STATE.

1. Under the facts and circumstances of this case—it being the trial of one charged as accessory before the fact to the crime of murder—it was not cause for a new trial that the court failed, in the absence of a request, to instruct the jury "that the conviction of one charged with a crime, or a plea of guilty of one jointly charged with an offense, [raises] no presumption of the guilt of the other one so jointly charged," the court having instructed the jury to the effect that, before they would be authorized to convict the defendant on trial as accessory before the fact, the State would have to prove the guilt of the person charged as principal to their satisfaction beyond a reasonable doubt (explaining such a doubt), and also the guilt of the defendant on trial as such accessory, to the same degree of certainty. The plea of guilty of one jointly indicted as principal did not raise a presumption of the guilt of the defendant on trial as accessory before the fact; but it was competent evidence to prove the fact that such plea had been entered, as tending to show the guilt of the one charged as principal, the proof of his guilt being a condition precedent to the finding of the defendant on trial guilty as such accessory; and such plea having been put in evidence by the State without objection, if the accused on trial desired the court to instruct the jury to limit their consideration of the plea to the purposes for which it was admissible, a proper and timely request for such instruction should have been presented to the court.

2. In the absence of a special request so to do, the court is not bound to charge the provisions of the Penal Code, § 1031, that "All admissions should be scanned with care, and confessions of guilt should be received with great caution." *Lindsay* v. *State*, 138 *Ga.* 818 (6), 822 (76 S. E. 369), and cases cited.

3. The court correctly instructed the jury as to the necessity for corroboration of the testimony of an accomplice before his testimony would be sufficient to authorize a conviction; and it was not cause for a new trial that the court failed, in the absence of a request, to charge that "it is not sufficient that the accomplice is corroborated as to the facts and circumstances of the corpus delicti, when those facts and circumstances do not go to show any connection of the defendant with the commission of the crime; the accomplice's testimony in a felony case must be corroborated by some independent fact or circumstance which, taken by itself, leads to the inference, not only that the crime has been committed, but that the defendant is connected with its commission." Moreover, as the State did not rely solely on the evidence of the alleged accomplice to connect the accused with the offense, it was not incumbent upon the court, without request, to instruct the jury touching corroboration. *Robinson* v. *State*, 84 *Ga.* 674 (11 S. E. 544).

4. The testimony as to alleged confessions being prima facie admissible, the court did not err in leaving it to the jury to determine whether or not such confessions were freely and voluntarily made. *Irby* v. *State*, 95 *Ga.* 467 (20 S. E. 218); *Adams* v. *State*, 129 *Ga.* 248-251 (58 S. E. 822, 17 L. R. A. (N. S.) 468, 12 Ann. Cas. 158); see also *Lindsay* v. *State*, supra.

5. The court gave in charge to the jury Penal Code § 1017, as to the number of witnesses generally sufficient to establish a fact, and the stated exceptions to the rule, and in immediate connection gave the following instruction: "The testimony of an accomplice in a case is not sufficient of itself to convict a party charged with the commission of a crime under, the law. That testimony, in order to authorize you to convict, must be corroborated, and the extent of the corroboration of the testimony is a question entirely for the jury. I do not charge you that there is or there is not testimony of an accomplice in this case; I simply give you the rule; and if there is any testimony that has been delivered in the case from an accomplice, why then you apply these rules that the court gives you in charge to that testimony." This charge was not erroneous on the ground that the court failed, in connection therewith, to inform the jury as to the meaning of the words, "an accomplice" and "a felony," or to instruct them as to the nature of the corroborating circumstances required in order to convict the defendant on trial, and that the case on trial was a felony; there being no request to charge as to such matters. *Pickens* v. *State*, 132 *Ga.* 46 (63 S. E. 783), and cases cited; *Atlantic Coast Line R. Co.* v. *Jones*, 132 *Ga.* 189 (13), 191 (63 S. E. 834); *Pye* v. *Pye*, 133 *Ga.* 246 (65 S. E. 424); *Helms* v. *State*, 138 *Ga.* 826 (7), 833 (76 S. E. 353).

6. The instruction excepted to in the 9th ground of the motion for a new trial, on the subject of confessions, was not fairly subject to the criticisms made upon it.

7. It was not cause for a new trial that the court failed, in the absence of a request, to charge on the law of circumstantial evidence; the evidence against the accused not being entirely circumstantial, and the court having fully and correctly charged the jury as to the law of reasonable doubt and the amount and character of the evidence necessary to authorize a conviction. *McElroy* v. *State*, 125 *Ga.* 37 (53 S. E. 759); *Smith* v. *State*, 125 *Ga.* 296 (54 S. E. 127); *Brannon* v. *State*, 140 *Ga.* 787 (7), 788 (80 S. E. 8).

8. Where three persons were jointly indicted for murder, one charged as principal and the other two as accessories before the fact, on the separate trial of one of the latter, a plea of guilty having been entered by the defendant charged as principal, it not appearing that sentence had been imposed in accordance with such plea, it was not cause for a new trial on behalf of the defendant tried and convicted as accessory that the court charged the jury to the effect that if they found that the principal had entered such plea, then they might "consider the charge against the defendant on trial of being an accessory before the fact."

9. There was evidence to authorize the verdict, and the court did not err in refusing a new trial.

DECEMBER 10, 1913.

Indictment for murder.  Before Judge Jones.  Hall superior court.  September 20, 1913.

*Johnson & Johnson*, for plaintiff in error.

*T. S. Felder, attorney-general*, and *Robert McMillan, solicitor-general*, contra.

FISH, C. J. Bart Cantrell, Jim Cantrell, and Sylvia Hawkins were jointly indicted, charged with the murder of Arthur Hawkins, Bart Cantrell as principal and the other two as accessories before the fact. Bart pleaded guilty, and such plea was entered on the indictment. Subsequently and on the same day Jim was separately placed on trial, and was found guilty as charged. He moved for a new trial, which being refused, he excepted.

The headnotes 1 to 7 inclusive require no elaboration.

Complaint was made in the motion for new trial that "The court erred in not instructing the jury that the bill of indictment, upon which the plea of guilty was entered by Bart Cantrell, before judgment of the court was pronounced, was not a conviction;" and also erred in giving the following charge: "The defendant Jim Cantrell could not be placed upon trial before the conviction of the principal, Bart Cantrell. It is contended on the part of the State that the principal as alleged in the bill of indictment, Bart Cantrell, has pleaded guilty to the offense of murder as charged in the bill of indictment. If that is true, the record will be out before you; and if the record shows that he has pleaded guilty to that offense, then I charge you that you may consider the charge against the defendant on trial of being an accessory before the fact." This instruction was alleged to be erroneous on the ground that it assumed a plea of guilty, without sentence being pronounced, to be a conviction. "An accessory is one who is not the chief actor in the offense, nor present at its performance, but is some way concerned therein, either before or after the act committed." Penal Code, § 44. "An accessory before the fact is one who, being absent at the time of the crime committed, doth yet procure, counsel, or command another to commit a crime." Penal Code, § 45. "An accessory before the fact, except where it is otherwise provided, shall receive the same punishment that is prescribed for the principal in the first degree." Ib. § 46. Thus the crime of being an accessory before the fact involves: (1) the commission of the offense by the principal, and (2) that the accused, being absent at the time of the commission of the crime, procured, counseled, or commanded the principal to commit it. These are the two elements of the crime. When these elements are established in the manner provided by law, the guilt of the accessory is shown. The question of whether an accessory can be tried and convicted before the con-

viction of the principal goes to the manner or time of trial. The conviction of the principal is not an element in the crime, but it affects the time when or manner in which the accessory can be tried. In other words, it is not an element in the crime, but it is a regulation affecting the trial. At common law an accessory could not be arraigned until the principal was attainted, unless he chose to waive the benefit of the law. The principal was not attainted until he had either been found guilty or pleaded guilty and sentence had been passed upon him—that is, before he received judgment of death or outlawry. Under this ancient law, it sometimes happened that after the principal was found guilty, he was pardoned, or claimed the benefit of clergy, or in other ways he escaped an attaint, although guilty; thereupon the accessory, though he might be clearly guilty, also escaped. To meet certain happenings or possible happenings, the statute of I Anne was passed which provided that if the principal be once convicted and before attainder—that is, before receiving the judgment of death or outlawry—he be delivered by pardon, or benefit of clergy, or otherwise; or, if the principal stand mute, or challenge peremptorily above the legal number of jurors so as never to be convicted at all; in any of these instances, the accessory might be proceeded against as if the principal felon had been attainted; "for," says Blackstone, "there is no danger of future contradiction." We omit any reference to the matter of receiving stolen goods, not herein involved. In 4 Blackstone's Commentaries (Hammond), 415, it is said: "By the old common law the accessory could not be arraigned till the principal was attainted; unless he chose it, for he might waive the benefit of the law; and therefore principal and accessory might, and may still, be arraigned, and plead, and also be tried together. But otherwise, if the principal had never been indicted at all, had stood mute, had challenged above thirty-five jurors peremptorily, had claimed the benefit of clergy, had obtained a pardon, or had died before attainder, the accessory in any of these cases could not be arraigned: for non constitit whether any felony was committed or no, till the principal was attainted; and it might so happen that the accessory should be convicted one day, and the principal acquitted the next, which would be absurd." The corrective act of I Anne has been mentioned. As embodied in section 49 of the Penal Code, it is declared: "An accessory before or after the fact

may be indicted, tried, convicted, and punished, notwithstanding the principal offender may have been pardoned or otherwise discharged after his conviction, or can not be taken so as to be prosecuted and punished." It will be observed that this is not a prohibitory act, but follows general lines of the common law as modified by the act of I Anne. In this State there is no attaint or corruption of blood by reason of a conviction and sentence, nor is there any sentence of outlawry. But the statement that the accessory may be placed on trial, if the principal can not be taken so as to be prosecuted and punished, is substituted in the law for the sentence of outlawry, or the sentence imposed in case of contumaciously standing mute, or the like. This section of the code has long been in force, but, as at common law, the accessory may waive the claim not to be put on trial until after judgment of conviction against his principal, and nothing is more common than a dual indictment and trial of persons charged with being a principal and accessory. It will be readily seen that in such a case, or in cases where there were several counts in one of which two persons were charged, one with being principal and another with being an accessory, upon a joint trial it would be impossible to enter up a judgment against one of them before a verdict was rendered determining the status of both.

It will thus be seen that it is not an inflexible rule that an accessory can not be convicted until after judgment and sentence has been pronounced upon his principal. The practice of trying the accessory after a verdict of guilty, or the entering of a plea of guilty without the rendition of a judgment or sentence thereon, has been recognized in this State. A verdict of guilty is apparently treated as a sufficient conviction of the principal, though no sentence has been pronounced thereon. In *Thornton* v. *State, 25 Ga.* 301, it was held that one "convicted of murder but not sentenced is a competent witness for the State on the trial of another .. . indicted as accessory before the fact in the murder." It is true, in that case the objection specifically raised was that the principal was incompetent to testify; and it was held that he was not rendered incompetent at common law until after judgment, even if there was such disqualification at all under our law; but the accused in that case was found guilty of murder and sentenced to death, and the judgment was affirmed. If it had been considered that the

pronouncing of the sentence upon the principal was an essential part of the proof in order to sustain a conviction of the accessory, then it is difficult to see why the judgment should not have been reversed rather than affirmed. In *Groves* v. *State,* 76 *Ga.* 808, Justice Hall discussed the matter at some length, and distinctly declared that the entering of a plea of guilty by the principal would suffice as a basis for proceeding to try one accused as an accessory. He said: "It was the usual practice, where it was desirable to use him [the principal] as a witness, since it was the judgment and not the verdict or plea which disqualified, to suspend the judgment until the end of the trial of his codefendants." As it appears that the defendant was convicted of a misdemeanor in that case, this ruling may not have been necessary, but it shows the view entertained on the subject at that time, and this has never been since repudiated. In *Lewis* v. *State,* 136 *Ga.* 355 (71 S. E. 417), several persons were indicted for murder as principals in the first degree. Upon the trial of one, the evidence was sufficient to authorize a finding that another one of them was guilty of murder as principal in the first degree, and that the defendant on trial was present, aiding and abetting him in the commission of the crime, and was therefore guilty of murder in the second degree. It was held that it was not error to admit in evidence the indictment and verdict thereon of guilty as to the defendant shown to be the principal in the first degree.

The truth is that the keeping up of the distinction between principals in the first and second degree and principals and accessories before the fact, where they are all punished alike, is an archaic technicality and, as Mr. Bishop declares "a crystalized blunder." The introduction, on the trial of one person, of the conviction of another, and giving it weight as proof of the fact of guilt of the person so convicted, is somewhat an anomaly, because the trial of the principal, if separately conducted, is as to the other defendant res inter alios acta. But the ruling has become permanently established by the authorities, that, upon the trial of one indicted as an accessory, the conviction of the principal is admissible, not only to show the fact of conviction, but also as prima facie evidence of the guilt of the person so convicted. It is not, however, conclusive, and evidence may be introduced by either party, in addition thereto, as proving or disproving the guilt of the alleged

principal. This makes clear the statement already made, that the fact of conviction of the principal is not an element in the crime of an accessory, but is a question affecting primarily the right to try him until after conviction of the principal; and if it be admissible in evidence, it would not be consistent to hold that other evidence on the subject of the principal's guilt could be introduced by one party or the other. State *v.* Burbage, 51 S. C. 284 (28 S. E. 937). In the present case the alleged principal and accessory were jointly indicted. The principal entered a plea of guilty. The indictment with the plea entered thereon was introduced in evidence. The evidence, considered as a whole, was sufficient to authorize the jury to find the accused on trial guilty.

It may be argued that the principal could withdraw his plea of guilty and thus in effect grant himself a new trial after the verdict against the accessory had been rendered. But the statute provides that if the principal can not be taken the accessory may be tried. So that the principal, by his voluntary act, may cause the accessory to be subjected to trial before he himself is ever tried. Moreover, if a verdict of guilty should be rendered against the principal, he might move for a new trial and carry his case by writ of error to a reviewing court, or he might sometime move for a new trial on extraordinary grounds, or move in arrest of judgment. There would always be possibility that the principal might obtain another trial; and yet it would hardly be contended that the person charged with being an accessory could postpone indefinitely his own trial in order to await the time when the principal should cease his efforts to set aside his conviction. If the principal should be acquitted after the trial of the accessory, this might furnish ground for a motion for a new trial, somewhat similar to the ground of newly discovered evidence. The word "conviction" is sometimes used to mean a verdict of guilty, or a plea of guilty, and sometimes is used to include also the judgment. The construction is not always uniform, but is dependent upon a construction of the particular law or statute under consideration. Section 49 of the Penal Code and other cognate sections, as well as decisions of this court, seem to recognize that under this statute the expression "conviction" does not necessarily include a sentence. See also 2 Words & Phrases, 1584.

The motion for a new trial contains the following ground:

"Movant alleges that he is entitled to a new trial, because the principal, Bart Cantrell, was allowed to withdraw his plea of guilty, after the conviction of this defendant." The court refused to certify this ground, and it can not be considered, although on the indictment as sent up by the clerk appears an entry dated the day after the trial of the present defendant, and signed by counsel for the alleged principal and by the solicitor-general, stating that the plea of guilty is withdrawn, and the defendant waives arraignment and pleads not guilty. This entry was evidently not upon the indictment at the time of the trial of the present defendant, and formed no part of that trial. We do not clearly understand the reason of the presiding judge in refusing to certify the ground; but under the state of the record we can not deal with the question of whether the withdrawal of the plea of guilty, if it should be treated as having occurred, would furnish ground for a motion for a new trial to the present defendant.

Without setting forth the evidence in the record, it is sufficient to say that we have most carefully considered it, and have no hesitancy in adjudging that it is sufficient to authorize the verdict.

The court did not err in refusing a new trial.

*Judgment affirmed. All the Justices concur.*