## POWERS *v.* THE STATE.

No. 8753.  JANUARY 12, 1932.  REHEARING DENIED FEBRUARY 12, 1932.

*E. W. Maynard,* for plaintiff in error.

*George M. Napier, attorney-general, Charles H. Garrett, solicitor-general,* and *T. R. Gress, assistant attorney-general,* contra.

HINES, J.  Mrs. Sarah Elizabeth Powers was jointly indicted with Earl Manchester for the murder of James W. Parks, Manchester being charged as principal in the first degree, and Mrs. Powers being charged as accessory before the fact. Under this indictment she was convicted without a recommendation to mercy, and was sentenced to be electrocuted. She filed a motion for new trial, which the judge overruled, and to that judgment she excepted and brought her case to this court. This court reversed

the judgment, and granted her a new trial. *Powers* v. *State,* 172 *Ga.* 1 (157 S. E. 195).

When the case went back to the lower court Mrs. Powers was reindicted for the homicide of Parks. The indictment contained two counts, one charging her with being an accessory before the fact, and the other charging her with being principal in the second degree. Upon her trial under this indictment the State abandoned the second count. She was convicted under the first count, and was recommended to mercy. She was thereupon sentenced to imprisonment in the penitentiary for life. She moved for a new trial upon the general grounds alone. The judge overruled her motion, and to this judgment she excepted in the present writ of error. The contention of her counsel is that the evidence does not show that Manchester killed and murdered Parks as alleged in the indictment, and that the evidence does not show that Mrs. Powers counseled or procured Manchester to kill and murder Parks. To establish the guilt of Mrs. Powers it was necessary for the State to show, first, the commission of the murder by Manchester; and second, that Mrs. Powers, being absent at the time of the commission of the homicide, procured, counseled, or commanded Manchester to commit it. *Cantrell* v. *State,* 141 *Ga.* 98, 100 (80 S. E. 649).

To establish the guilt of Manchester the State introduced his confessions of guilt, incriminatory statements tending to show his guilt, and the previous record of his conviction as such principal. Such confessions of the principal were admissible on the trial of the accessory before the fact, to prove the guilt of the principal. *Smith* v. *State,* 46 *Ga.* 298; *Brooks* v. *State,* 103 *Ga.* 50 (29 S. E. 485). On such a trial the free and voluntary declarations or admissions of the alleged principal are admissible to show his guilt. *Howard* v. *State,* 109 *Ga.* 137 (4) (34 S. E. 330). Neither declarations nor admissions of the alleged principal, which merely tend to incriminate the alleged accessory, are admissible against the latter, if made after the completion of the criminal enterprise. *Howard* v. *State,* supra. The record of the previous conviction of the principal is admissible upon the trial of the accessory, to show the guilt of the principal. Such record is not conclusive evidence of the principal's guilt. *Studstill* v. *State,* 7 *Ga.* 2. So a plea of guilty by the principal before the trial of the accessory began

could be considered by the jury to show the fact of the principal's guilt only, although such plea had been withdrawn. *Groves* v. *State,* 76 *Ga.* 808 (3*a*). Any evidence that would be admissible against the principal if he were on trial is admissible on the trial of the accessory before the fact to prove the guilt of the principal. *Rawlins* v. *State,* 124 *Ga.* 31 (52 S. E. 1). It follows from the above rulings that there was ample evidence to authorize the jury to find that the principal was guilty; and the contention that there was not sufficient evidence to show his guilt is without merit.

We come next to consider the question whether or not the evidence was sufficient to authorize the jury to find the defendant guilty as an accessory before the fact. We do not deem it necessary to enter into any detailed statement of the evidence offered by the State for this purpose. After a thorough and careful consideration of the evidence, we are of the opinion that the evidence introduced by the State to establish the guilt of the defendant was sufficient to authorize the jury to convict her. It follows that the trial judge properly overruled the defendant's motion for new trial. *Judgment affirmed. All the Justices concur.*