## WELLS *v.* THE STATE.

No. 14119. May 27, 1942.

*Lester F. Watson, W. W. Larsen Jr.,* and *Stanley A. Reese,* for plaintiff in error.

*Ellis G. Arnall, attorney-general, J. Eugene Cook, solicitor-general,* and *E. L. Reagan, assistant attorney-general,* contra.

Reid, Chief Justice. ■ Grounds 1 and 6 of the amendment to the motion for new trial having been expressly abandoned, we will first consider special ground 2 which complains of the admission, over objection, of a statement by the sheriff, a witness for the State, that Freddie Hooks had pointed out to him the place of the homicide, and pictures of the witness and Hooks in an automobile at such place, and a declaration by the witness that he was present when Hooks said he committed the crime. It is contended that it was error to admit such evidence dealing with admissions and declarations of the principal, made after his arrest and after the completion of the criminal enterprise and not in the presence of the alleged accessory, especially when the principal's plea of guilty had already been admitted without objection.

To establish the guilt of Felix Wells, the accused accessory, it was necessary for the State to show, first, the commission of the murder by Freddie Hooks; and second, that Wells, being absent at the time of the commission of the homicide, procured, counseled,

72

or commanded Hooks to commit it. *Powers* v. *State,* 174 *Ga.* 202 (162 S. E. 275); *Cantrell* v. *State,* 141 *Ga.* 98, 100 (80 S. E. 649).

Incriminatory statements of the principal tending to show his guilt, and the previous record of his conviction, are admissible, on the trial of an accessory before the fact, to prove the guilt of the principal. *Powers* v. *State,* supra; *Smith* v. *State,* 46 *Ga.* 298; *Brooks* v. *State,* 103 *Ga.* 50 (29 S. E. 485). The record of the principal's conviction is conclusive evidence of his conviction, and prima facie evidence of his guilt, but it is not conclusive evidence of the guilt of the principal. *Studstill* v. *State,* 7 *Ga.* 2; *Coxwell* v. *State,* 66 *Ga.* 309 (3), 310. In the trial of one charged as an accessory, it is incumbent upon the State to show the guilt of the person charged as a principal, beyond a reasonable doubt; and, as a general rule, in order to establish this fact any evidence may be introduced which would be admissible if the principal were on trial. *Rawlins* v. *State,* 124 *Ga.* 31 (20), 33, 56 (52 S. E. 1). In the *Rawlins* case, in an opinion by Cobb, P. J., it was said: "The fact that the State introduces the record in evidence does not preclude the introduction of other evidence tending to establish the guilt of the principal." On such a trial the free and voluntary admissions of the alleged principal are admissible to show his guilt. *Howard* v. *State,* 109 *Ga.* 137 (4) (34 S. E. 330). Neither declarations nor admissions of the alleged principal, which merely tend to incriminate the alleged accessory, are admissible against the latter, if made after the completion of the criminal enterprise. *Howard* v. *State,* supra. The last-mentioned rule is relied on by the plaintiff in error to sustain his contentions in this ground of exception. The character of the declarations made in the *Howard* case and in *Lance* v. *State,* 166 *Ga.* 15 (142 S. E. 105), differ from those in the present case. Here the admissions and declarations do not merely tend to incriminate the alleged accessory, but tend to establish the guilt of the principal. At the time the evidence was admitted the judge stated: "Gentlemen of the jury, this evidence is admitted only so far as it may relate to Freddie Hooks. It is excluded from your consideration as to Felix Wells, the defendant on trial." Such evidence was relevant as tending to establish the guilt of the principal, and it was not improper for the court to admit it even though the principal's plea

of guilty may have already been admitted without objection. There is no merit in this ground of the exceptions.

■ In ground 3 it is complained that it was error to admit in evidence, over objection, a watch which the principal said he took from Willie Lee Wells, the deceased. The objection urged was that since the accessory was not questioning the principal's guilt, and it not being shown when the watch was recovered, it had no probative value, and the State had not proved any connection between the watch and the alleged accessory who was on trial. The principal had identified the watch as the one he took from the victim before he left the body. Under the applicable authorities cited in the first division of this opinion, it was relevant and admissible as tending to show the principal's guilt. The part of the objection urged, to the effect that the State had not proved any connection between the watch and the alleged accessory, illustrates in itself that the purpose of the evidence was to show the principal's guilt. It was not at all likely that the jury could have construed this evidence as merely tending to show the guilt of the accessory, even without specific instruction from the court at the time of its admission, limiting it to show the principal's guilt. No error sufficient to require a reversal is shown by this ground.

■ Error is assigned in ground 4 on a portion of the judge's charge where, after reading the indictment, the court stated that Freddie Hooks had entered his plea of guilty, and Felix Wells had entered his plea of not guilty; and that the indictment and plea of Felix Wells constituted the issue. The complaint made is that the court failed to go further and instruct the jury that the principal's plea was not binding as to the alleged accessory, and not even a circumstance they could consider as to the latter's guilt. The plea of guilty of one jointly indicted as principal did not raise a presumption of the guilt of the defendant on trial as accessory before the fact; but it was competent evidence to prove the fact that such plea had been entered, as tending to show the guilt of the one charged as principal, the proof of his guilt being a condition precedent to finding the defendant on trial guilty as such accessory; and such plea having been put in evidence by the State without objection, if the accused on trial desired the court to instruct the jury to limit their consideration of the plea to the purposes for which it was admissible, a proper and timely request for such in-

struction should have been presented to the court. *Cantrell* v. *State,* supra. It not appearing in the record that any such request was made, the complaint in this ground is without merit.

■ Ground 5 complains of error in the judge's charge as follows: "I charge you, gentlemen of the jury, that if any witness in this case has been indicted for the offense of murder with reference to the homicide of Willie Lee Wells, either as principal or as an accessory, then and in that event he would be an accomplice. If you should find from the evidence that the witness was an accomplice, then I charge you in this case that Freddie Hooks, alias Tony McBrown, is an accomplice; then before you would be authorized to convict Felix Wells on the testimony of Freddie Hooks, the corroborating facts and circumstances must be such as independent of the testimony of such witness as would lead to the inference of the defendant's guilt and must in some way connect Felix Wells with the criminal act charged. I charge you further, gentlemen, that corroborating facts and circumstances which merely place upon the defendant a grave suspicion of the crime charged is not sufficient to authorize you to convict the defendant upon the testimony of such witness alone, if you find from the evidence that such witness was an accomplice." The objection is that it was injurious and misleading for the court in one place to instruct that Freddie Hooks was an accomplice, and in other places instruct that it would be left to the jury to determine whether or not Freddie Hooks was an accomplice. An examination of the charge complained of reveals that it is not subject to the criticism. There is no merit in this ground of the exceptions.

■ Ground 7 complains that the court erred in failing, on motion, to declare a mistrial because of certain remarks made by the solicitor-general in his argument to the jury, which movant stated was "substantially" as follows: "That I know Mr. Watson knows, and I want to say, that I believe this defendant is guilty." Mr. Watson was of counsel for the defendant on trial. The plaintiff in error argues that the high standing of the solicitor-general in the place where he was known to the jury was such that his remarks were calculated to carry the implication that he had information of the defendant's guilt, and that the judge's failure to rebuke the solicitor-general, prevented the harmful effect from being erased from the minds of the jurors. It is improper for counsel for the State,

on the trial of a defendant charged with crime, to state to the jury his belief that the defendant is guilty. *Jones* v. *State,* 123 *Ga.* 129 (51 S. E. 312); *Broznack* v. *State,* 109 *Ga.* 514 (35 S. E. 123). But where the judge promptly expresses disapproval of the remarks, and instructs the jury not to consider them in rendering their verdict, the refusal to declare a mistrial on account of such remarks will not require the grant of a new trial. *Johnson* v. *State,* 150 *Ga.* 67 (102 S. E. 439). In the present case, at the time the remarks were made the judge stated: "Gentlemen of the jury, you are trying this case under the law the court will give you in charge and from the evidence adduced from the witness-stand, including the defendant's statement, and from no other source. You will wholly disregard the statement of the solicitor-general, as being both irrelevant and improper. You are not trying this case on the belief of the solicitor-general, and what he believes about this case is foreign to the issue, and I want it to be foreign to your consideration. With that instruction to you, gentlemen of the jury, the motion for mistrial is overruled." In *Manchester* v. *State,* 171 *Ga.* 121 (7) (155 S. E. 11) the court held: "The power to order a mistrial for improper argument of counsel is very important, and the court's prerogative in this respect should be liberally exercised in all cases where counsel abuse their privilege of argument. However, the grant of a mistrial is a matter largely within the discretion of the trial judge, and this discretion will not be interfered with unless manifestly abused." In the present case the instruction by the court to the jury to disregard the remarks was full. The court's statement about the solicitor-general in connection with the instruction was in itself a rebuke. Under the circumstances, the court's refusal to declare a mistrial on account of such remarks does not require the grant of a new trial. Cf. *Nelson* v. *State,* 187 *Ga.* 576 (1 S. E. 2d, 641).

■ The plaintiff in error argues that the testimony of Freddie Hooks, the principal, is not sufficiently corroborated to support a verdict of guilty against Felix Wells, the alleged accessory. Freddie Hooks testified at length as to the commission of the crime, and of Felix Wells having procured, counseled, and commanded him to do it. The principal testified that he was working for Felix Wells when Wells approached him with a proposition to kill Willie Lee Wells. After about three weeks during which Wells had

planned the details, including a telephone call to be made by Hooks to Wells' wife to entice her for a date with a man from Washington named "Charlie" and to be carried to a secluded place already pointed out by Wells to Hooks, the murder, according to Hooks, was committed at the insistence of Felix Wells. Hooks testified that Wells promised to pay him $500 to commit the crime, and payment was to be made afterwards out of insurance money Wells proposed to collect from his wife's death. He related that Wells had paid him various amounts subsequently to the crime, among which was a payment of $25, sent by Wells through Hooks' sister to him, and other payments of $11 and $13 delivered by Wells personally. After the crime Wells made repeated visits to Savannah to see Hooks. At one time Wells met Hooks at Tarrytown and carried him to the house of an uncle of Wells, to be kept several days. Wells tried to get Hooks to leave the State and go to Detroit. Lillie Bell Purvey testified that her brother, Freddie Hooks, worked for Felix Wells, and on the night preceding the crime Wells was in his automobile in close conversation with Hooks. She was sent to Savannah by Wells on one occasion, to carry money to Hooks. On several other occasions she was with Wells when he went to Savannah to see Hooks. She was with Wells when he met Hooks at Tarrytown and carried the latter to the house of Wells' uncle, to be kept for a time. She testified that she stated to Wells that if he did not want Freddie to come back he (Wells) must have something to do with the killing, "and Felix didn't say he did or that he didn't." A witness, Walden, uncle of Felix Wells, confirmed that Wells brought Hooks to his house. Other witnesses testified as to the trips Wells made to Savannah to see Hooks. Freeman Kellham and Jeff Smith, witnesses, each testified that they were approached by Wells about hiring them to "bump off" his wife. Various witnesses testified concerning life insurance which Wells collected, in an amount of approximately $1500, on his wife, and in one instance, where one company refused to pay, Wells accepted a return of the premium. Some of the witnesses testified as to the demeanor of Wells on the day the crime was committed. A careful reading of the evidence leads to the conclusion that there was ample evidence to connect the defendant, Felix Wells, with the crime, independently of the testimony of the alleged accomplice, Hooks. While the accomplice's testimony may

not have been corroborated in every detail, it was corroborated in the main; and there was sufficient evidence, under the rules applicable to a case of this character, to support the verdict. *Evans* v. *State,* 78 *Ga.* 351; *Dixon* v. *State,* 116 *Ga.* 186 (42 S. E. 357). The assignment of error on the general grounds is without merit.

*Judgment affirmed.* *All the Justices concur.*