HENRY BIEBER, plaintiff in error, vs. THE STATE OF GEORGIA, defendant in error.

One who buys or receives goods, chattels, money or other effects that have been stolen, or feloniously taken from another, knowing the same to have been stolen, or feloniously taken, may be indicted as an "accessory after the fact," under the provisions of the 4420th section of the Code, that section creates and defines a distinct offense.

Criminal law. Accessory after the fact. New trial. Before Judge SCHLEY. Chatham Superior Court. January Term, 1871.

The plaintiff in error was tried upon an indictment, of which the following is the only portion material to be inserted:

"GEORGIA—CHATHAM COUNTY:

The grand jurors selected, chosen and sworn, for the county of Chatham, to-wit: ...................., in the name and behalf of the citizens of Georgia, charge and accuse Henry Bieber, of the county of Chatham, and State of Georgia, aforesaid, with the offense of being an accessory after the fact, in buying and receiving stolen goods and chattels, knowing the said goods and chattels had been stolen and feloniously taken from another. For that the said Henry Bieber, in the county of Chatham, and State of Georgia, aforesaid, on the 27th day of December, 1867, did then and there, with force and arms, wrongfully and fraudulently buy and receive from Alonzo Jones, Butler Brown, John Johnson, William Roberts and Abram Henderson, persons of color, twenty-seven steel car springs," etc., "all the property of the Central Railroad and Banking Company of Georgia, a company incorporated under the laws of the State of Georgia, all of the aforesaid goods and chattels, each of the value aforesaid, having been before that time wrongfully and fraudulently taken and carried away, with intent to steal the same, from the possession of the said, the Central Railroad and Banking Company of Georgia, a com-

Bieber *vs.* The State of Georgia.

pany incorporated by the laws of the State of Georgia, by Alonzo Jones, John Johnson, Butler Brown, William Roberts and Abram Henderson, persons of color, as aforesaid, he, the said Henry Bieber, then and there, well knowing that the aforesaid enumerated goods and chattels had been wrongfully and fraudulently stolen and feloniously taken from another, and that the said Henry Bieber, with the knowledge aforesaid, did buy and receive the aforesaid goods and chattels, with the intent to defraud the Central Railroad and Banking Company." The indictment further set forth the plea of guilty of the principals to an indictment that had been found against them for simple larceny.

Upon the trial, John Johnson, one of the principals, was introduced as a witness for the State; the plaintiff in error objected to his competency, which objection the Court overruled. It appears from the record that William M. Wadley was the prosecutor. · The jury found the plaintiff in error guilty, and recommended him to the mercy of the Court. Whereupon plaintiff in error moved for a new trial, which motion was overruled by the Court, and plaintiff in error excepted upon the following grounds, to-wit:

1st. Because the Court erred in overruling a motion to quash the indictment, on the ground that two of the grand jurors, who found the bill of indictment against the defendant, were stockholders in the Central Railroad and Banking Company, the said Central Railroad and Banking Company being the prosecutor.

2d. Because the Court erred in admitting the testimony of John Johnson, who, as the record discloses, was the principal thief.

3d. Because the Court erred in refusing to charge the jury, as requested by defendant's counsel, " that, in misdemeanors, there are no accessories, but all are principals, who are in any way concerned in the crime," and in charging " that the Code of Georgia had changed the law, and by the Code a person might be an accessory to a misdemeanor."

4th. Because the Court erred in refusing to charge the jury as requested, " that a party charged as an accessory to a misdemeanor cannot be convicted, as there is no such offense," and in charging to the contrary.

5th. Because the Court erred in refusing to charge the jury as requested, "that the receiver of stolen goods, when the original theft is a misdemeanor, is a principal, and cannot be convicted as an accessory," and in charging to the contrary thereof.

6th. Because the Court erred in refusing to charge the jury " that the crime charged being that of an accessory to a misdemeanor, wherein accessories are principals, the defendant cannot be convicted as an accessory, and not being charged as principal, he cannot be convicted as principal," and in charging, "that while it was true that the defendant could not be convicted as principal, unless so charged in the indictment, yet being charged as an accessory, he might be convicted as such."

7th. Because the Court erred in refusing to charge the jury "that while the Code makes a receiver of stolen goods an accessory, it only increases or adds to the number of classes of accessories, and that the new class is subject to the same rules as other classes of accessories," and in charging, " that this request had been fully covered by his previous charge."

8th. Because the verdict was contrary to law.

9th. Because the verdict was contrary to the evidence and against the weight of the evidence.

10th. Because the Court erred in refusing the new trial, because plaintiff in error has discovered, since he pleaded to the merits of said cause, that two of the grand jurors who found the said bill of indictment were stockholders in the Central Railroad and Banking Company, the prosecutor in this prosecution.

A. W. STONE; G. W. WILSON, represented by GEORGE S. THOMAS, for plaintiff in error: 1st. Grand jurors must

be impartial: 1 Bishop Crim. Pro., 723; Wharton's Crim. Law, vol. 1, secs. 468, 469 and 473. 2d. The refusals of the Court to charge were error: 1 Russell on Crimes, 34; 4 Black. Com's, 35; 3 Greenleaf Ev., 43; Code, secs. 4420, 4421, 4343; 3 Greenleaf Ev., 48. 3d. The verdict does not speak the truth: 36 Ga. R., 222. 4th. The indictment is fatally defective: Code, secs. 4245, 4343; 1 Wharton Crim. Law, 296, 400; Bishop Crim. Proc., vol. 1, 751. 5th. Acts and declarations of joint offender, admissible only against himself: Code, sec. 3743.

A. B. SMITH, Solicitor General, by brief, for defendant. The demurrer was not made at the proper time, and was not in writing: Code, sec. 4545; 22 Ga. R., 499, 545; 24 *Ibid.*, 31; 25 *Ibid.*, 689. Everything presumed to be done rightfully: 1 Wharton Crim. Law, 713. Grand jury presumed to be properly constituted: 24 Ga. R., 270. Grand jury presumed to act correctly : 1 Bishop's Crim. Proc., 741. Oath of grand jury cannot be inquired into: 1 Bishop Crim. Proc., 750; 3 Wend., 314. New trial not granted unless necessary to substantial justice: 1 Chitty Crim. Law, 657. Interest in the jurors was too remote: 40 Ga. R., 423. No person excluded from crime or interest from testifying: Code, sec. 3798. Code, secs. 4420, 4421, provides for this particular case, and an accessory, as here defined, is different from that defined in Code, sec. 4243. Law applicable charged, requests need not be noticed: 38 Ga. R., 304; 37 *Ibid.*, 94, 102, 195. The real offense in this case was "the buying and receiving stolen goods:" 3 Ga. R., 419; 25 *Ibid.*, 689; 13 *Ibid.*, 322; 3 *Ibid.*, 18. New trial not granted where no rule of law is violated, no harm done: 40 Ga. R., 423; 39 *Ibid.*, 68; 40 *Ibid.*, 455.

Bieber *vs.* The State of Georgia.

WARNER, Chief Justice.

The defendant was indicted as an accessory after the fact in buying and receiving stolen goods and chattels, under the 4420th section of the Code. On the trial of the case, the defendant was found guilty, and a motion was made for a new trial, on the several grounds specified in the record, which motion was overruled by the Court, and the defendant excepted.

If the defendant had been indicted for a misdemeanor, as an accessory after the fact, under the 4243d section of the Code, we will not say that the objection urged by the defendant's counsel would not have been well taken, but the defendant was indicted under the 4420th section, which creates a *distinct offense;* that section of the Code declares that, " if any person shall buy or receive any goods, chattels, money, or other effects that shall have been stolen or feloniously taken from another, knowing the same to be stolen or feloniously taken, such person shall be taken and deemed to be an accessory after the fact, and shall receive and suffer the same punishment as would be inflicted on the person convicted of having stolen or feloniously taken the said goods, chattels, money, or effects so bought or received." The term, " feloniously taken," in this section, is used, not to indicate that the defendant is guilty of a *felony*, but to shew *the intent* with which the goods were taken from the owner by the principal thief. There was no error in admitting the testimony of Johnson : Code, 3798.

It is assigned for error that the Court overruled the defendant's motion to quash the indictment, after verdict, on the ground that two of the grand jurors who found the bill of indictment against the defendant were stockholders in the Central Railroad and Banking Company, the said Central Railroad and Banking Company being the prosecutor, which fact was not known to defendant until after the trial. The record shows that William M. Wadley was the prosecutor,

and not the Central Railroad and Banking Company. There is sufficient evidence in the record to sustain the verdict of the jury. In our judgment, the motion for a new trial was properly overruled.

Let the judgment of the Court below be affirmed.