Jordan vs. The State of Georgia.

JOHN JORDAN, *alias* JOHN STEGER, plaintiff in error *vs* THE STATE OF GEORGIA, defendant in error.

1. An indictment for this offense under section 4488 of the Code, should allege that the principal thief has been tried and convicted of the offense; if such principal cannot be taken so as to be prosecuted and convicted, then the accessory in receiving the stolen goods should be indicted under section 4489 for a misdemeanor.

2. .Under an indictment for being accessory by receiving stolen gooods when the principal thief is only charged with simple larceny, the evidence should be confined to that, and it is error to admit an indictment for burglary and a plea of guilty thereon.

3. The indictment should specify the particular offense of which the principal thief was convicted, whether larceny from the person or the house or simple larceny or burglary, so that the record of the court—the pleadings— shall show that the judgment or sentence is right according to the case made.  The punishment of ·the accessory varies with that of the principal. In burglary in the night, it may be twenty years in the penitentiary, in larceny from the house, ten years, while in simple larceny it would be fine or imprisonment in jail, or work in the chain-gang.

Criminal law.   Accessory.   Indictment.   Before Judge TOMPKINS.   Spalding Superior Court.   August Term, 1875.

Reported in the opinion.   ,

HUNT & JOHNSON, for plaintiff in error.

T. B. CABANISS, solicitor general; E. P. HOWELL, by Z. D. HARRISON, for the state.

JACKSON, Judge.

This case was an indictment for being an accessory after the fact in receiving goods stolen from another.   The indictment did not set out that John King had been convicted or charged with any offense at all, or tried for any offense.   It simply alleged that the defendant received from John King a gold watch worth $100 00, the property of one J. N. Rosser, knowing that it had been stolen and taken and carried away from Rosser before that time.   There is no allegation that in taking and carrying the gold watch away, that it had been taken from

a house, so as to make defendant accessory to larceny from the house, nor that it had been taken in a burglary, so as to charge him with being accessory to that crime; yet the court punished the defendant for being accessory to larceny from the house, of which there was no charge at all; and admitted a bill of indictment for burglary against John King, with his plea of guilty thereon. We think this bill of indictment, if good at all, only good to charge that defendant was accessory to simple larceny, and that the proof should have been confined to that, and the punishment should have been the same as for simple larceny. If the proof make a case of larceny from the house the indictment should allege it, so that the record will show that the judgment or sentence of the court accords with the indictment. The punishment for such an offense may go up to ten years confinement in the penitentiary. If the proof make a case of accessory to burglary, the indictment should charge that offense on John King, when the punishment may go as high as twenty years, if at night, as was this proof. The punishment of the accessory varies with that of the principal: Sections of the Code 4488, 4388, 4414, 4310, 4489. In this case even larceny from the person is not charged, but the offense charged is that of being accessory only to the offense of simple larceny, and punishable under section 4310 of the Code; that is to say, just as ordinary accessories after the fact are punishable. We think, therefore, that the court erred in admitting the record of the burglary and plea of guilty thereon and all parol evidence of larceny from the house. The charge is accessory to simple larceny; the proof should have been confined to that. But is the indictment good even for that? We think not. It does not allege the conviction of King for any offense. The Code, sections 4488 and 4489, construing them together, seem clearly to provide that unless the principal thief can be taken and convicted, the accessory must be indicted for a misdemeanor. If, therefore, the indictment be under section 4488, it must allege that the principal thief has been convicted of the larceny or burglary by which the goods received were stolen. We

can see no other sensible construction of these sections. This, too, was the rule at common law: 4 Blackstone, 263. It was more stringent, indeed, requiring sentence and punishment. The statute of Anne altered the rule so as to provide for the trial of the accessory after conviction, if he escaped before punishment. So these sections provide for indictment as a misdemeanor if the principal cannot be taken. We therefore think that this indictment should be quashed, and a new indictment be framed to conform to the facts here proven; if desirable to indict again, it should be distinctly alleged that John King got possession of these goods by the burglary of which he was duly tried and convicted, and this defendant received them from him knowing the facts. Then the *allegata* and *probata* will agree, and the record will show that the proper punishment has been inflicted upon the defendant, if found guilty of being such an accessory. Inasmuch as this ruling quashes this bill of indictment, and a trial under a new bill will make an entirely different case, it is unnecessary to go further into the consideration of other errors complained of.

Let the judgment be reversed and the indictment be quashed.