ANDERSON <em>vs.</em> THE STATE OF GEORGIA.

63  675
114  843

1. When the accused is at large on bail at the time of trial, his bail is not a competent juror to try him if objected to by the state. It is a ground of challenge for cause.
2. Unfriendly feeling towards the accused by the father-in-law of the prosecutor, is not relevant evidence in behalf of the accused, though the prosecutor be an inmate of his father-in-law's family.
3. On the trial of an accessory after the fact for receiving stolen goods, the record of the conviction of the principal on a plea of guilty, though conclusive evidence of the conviction, is only *prima facie* evidence of the principal's guilt, and a charge to the jury that it is conclusive upon the principal of his guilt, so far as it affects him, is irrelevant and improper. It is conclusive of guilt for no purpose connected with the trial of the accessory, if the latter chooses to controvert it.
4. After the principal has been sentenced to six months in the chain-gang with a money alternative of twenty dollars fine, a like sentence upon the accessory, with a money alternative of two hundred dollars, is not violative of section 4488 of the Code.

Criminal law. Jury. Evidence. Accessory. Sentence. Before Judge SPEER. Rockdale Superior Court. August Adjourned Term, 1878.

Reported in the opinion.

BARTON & CHRISTIAN; J. J. FLOYD; GEORGE W. GLEA-
TON, for plaintiff in error, cited, on conclusiveness of con-
viction of principal on trial of accessory, 3 Greenleaf,
§§46–48; 1 Rus. on Crimes, 42–43 : 2 *Ib.*, 248; 4 Black.
Com., 324; 3 and 4 Espin., 133; 4 *Ga.*, 465; 55 *Ib.*, 296.
On necessity of proof of ownership of property, Ros. Crim.
Ev., 657; 2 Rus. on Crimes, 87; 3d Greenleaf, §§154, 161;
Code, §4393. On punishment, 4 Black. Com., 39, 40; Code,
§448.

F. D. DISMUKE, solicitor-general; F. L. HARALSON, for
the state.

BLECKLEY, Justice.

After the conviction and sentence, on a plea of guilty, of
one Morgan Robinson for larceny from the house, the
plaintiff in error was tried as accessory after the fact,
the charge being that he received the stolen goods
from Robinson, knowing them to have been stolen. The
goods in question consisted of certain sacks of guano of the
value of twenty dollars. Anderson was convicted, and the
court sentenced him to six months in the chain-gang, or to
pay a fine of two hundred dollars and costs. He moved
for a new trial.

1. One of the grounds of the motion was, that the
court held one of the regular jurors incompetent to try
the prisoner because he was the prisoner's bail. This was
not error. Suppose the prisoner had concluded to leave
the court and the country after the jury had retired, and
this juror, his bail, had been of the panel charged with his
case, and by any chance he had heard that his principal
was gone, there would have been an improper motive to re-
turn a verdict of not guilty. Perhaps the bare risk of such
a contingency would weigh upon a juror's mind, so as to
incline him more to acquittal than conviction. Bail has
his principal in friendly custody. Whilst such custody

continues, the bail is not a fit person to sit in judgment on his guilt or innocence.

2. Another ground of the motion was, that the court rejected evidence of unfriendly feeling towards the prisoner on the part of the prosecutor's father-in-law, confining the inquiry on that subject to the feelings of the prosecutor himself, though the prosecutor resided in the father-in-law's family. So far as appears, there was nothing which made the good or bad-will of those related to, or domesticated with, the prosecutor relevant evidence to the issue on trial. We think the court did not err in keeping the feelings of the father-in-law out of sight.

3. The important ground of the motion was as follows: " Because the court erred in charging the jury, that if a bill of indictment had been found against Morgan Robinson, and he convicted under that bill, or if he pleaded guilty, such finding or plea is conclusive of his guilt so far as he is concerned, and in not explaining the effect of such finding or plea upon the defendant, Anderson." The court, in correcting the motion, states the charge thus: " That the record offered and a plea of guilty made by Morgan Robinson, and judgment thereon, if such a record was in evidence, would be conclusive upon Morgan Robinson as to his guilt, and so far as it affects him." We think this charge was not appropriate to be given on the trial of Anderson, and that it might have misled the jury. The guilt of Morgan Robinson was not in question except as it affected Anderson; it was not at all in question as it affected himself. Anderson alone was upon trial, and no verdict which the jury could render would operate in any way upon Robinson. For the purpose in hand, the record of Robinson's conviction was conclusive of nothing but the fact of his conviction; it was not conclusive of his guilt, and its conclusiveness of guilt should not have been mentioned or suggested in the instructions which the court gave to the jury. Confining the proposition to the effect on Robinson, the charge was irrelevant; extending it, as the jury might have done

by inference, to the business of trying Anderson, the business in which the court and jury were engaged, it was erroneous.    The charge should have been that the record of Robinson's conviction was conclusive evidence of his conviction, and *prima facie* evidence of his guilt; that it cast the burden upon Anderson of proving him innocent in so far as Robinson's innocence might be a ground of Anderson's defense.    7 *Ga.*, 3; 1 Russ. Cr., 41; 2 *Ib.*, 253; Roscoe Cr. Ev., 870, 877.    An examination of some of the cases referred to in these authorities, will show that there is room for doubting whether the conviction of the principal on his plea of guilty is evidence at all of his guilt on the trial of the accessory or receiver.    This court, however, has treated any confession of his own guilt by a principal in the first degree as competent evidence to that point, on the trial of a principal in the second degree.    7 *Ga.*, 3 (*supra*); 60 *Ib.*, 620.

4. Another ground of the motion for a new trial was, that Anderson was sentenced to pay a fine of two hundred dollars, when Robinson, the principal thief, had been fined only twenty dollars.    The fact is that each of them was sentenced to six month's labor in the chain-gang, and the respective fines were but commutation money.    It is true that section 4488 of the Code declares that the accessory " shall receive and suffer the same punishment as would be inflicted on the person convicted of having stolen or feloniously taken the said goods, chattels, money or effects, so bought or received."    This may mean that the sentence of the principal, in case of his conviction, shall be the exact measure of that pronounced upon the accessory, but the better construction probably is, that the latter shall not exceed what the former might have been if the court had seen proper to inflict the maximum of the law.    At all events, where, as in this case, the direct penalty put upon the accessory is the same as that put upon the principal, and the difference is only in the amount of the money alter-

native, the pecuniary commutation, we think there is no departure from the statute. The ability to pay is so unequal among different persons, that a fine of twenty dollars may be quite as burdensome to one as a fine of two hundred dollars to another. The principal in this instance was a negro, and the alleged accessory a white man. We may add that were this point well taken as matter of law (but we think it is not) it would be cause for modifying the judgment, but none whatever for a new trial.

The final ground of newly discovered evidence need not be discussed, as we reverse the judgment for error in the charge of the court. For the same reason we express no opinion on the sufficiency of the evidence.

Judgment reversed.