Edwards *vs*. The State of Georgia.

---

EDWARDS *vs*. THE STATE OF GEORGIA.

<div style="float:right">

80   127
114  843

80   127
118   49

</div>

1. Where one was indicted, under §4489 of the code, as an accessory charged with receiving stolen goods from two persons named, knowing them to be stolen, it was error to charge that if the two principals named stole the property, and one of them was taken and prosecuted and acquitted on the ground that he was under ten years of age, so as not to be amenable for his acts, this would excuse the State from exhibiting in evidence a record of the conviction of that person as the principal thief. If the principal was not guilty, the defendant was not guilty as an accessory after the fact.

(a) It is not ruled that a person can receive stolen goods from an infant incapable of committing a crime without being guilty of a crime himself; but if he so acts to an irresponsible agent, he is guilty as a principal and not as an accessory.

2. The accusation in this case does not charge that the persons from whom the defendant received the goods either stole them or were principal thieves, but merely that the defendant had received the property from them, knowing it to have been stolen; and that one of them had fled the State and the other had been acquitted on account of his tender years. The verdict finding the defendant guilty as an accessory after the fact, was contrary to law.

November 1, 1887.

Criminal law. Principal and accessory. Verdict.

Before Judge VAN EPPS.    City court of Atlanta.    March term, 1887.

Reported in the decision.

WIMBISH & WALKER and SPEAIRS & BAKER, for plaintiff in error.

H. C. GLENN, solicitor, by C. D. HILL, for the State.

SIMMONS, Justice.

It appears, from the record in this case, that Edwards was accused in the city court of Atlanta of the offence of a misdemeanor, in buying and receiving from T. B. Hunnaway and Guy King two woolen shirts of the value of four dollars, the property of J. P. Northrop, knowing the same to have been stolen and feloniously taken.    The accusation further alleges that Hunnaway had fled the State and was beyond the jurisdiction of the court, and that "Guy King had been given, on his trial on a charge of larceny from the house for a sum under fifty dollars, a verdict of not guilty, on the ground of his being under age, to-wit, ten years of age, and not subject to conviction." Upon the trial of the case the defendant was convicted. He made a motion for new trial, upon the several grounds stated in the motion, which was overruled by the court; and he excepted, and assigns as error the judgment of the court in overruling his said motion.    The plaintiff in error insisted here mainly upon the 5th ground of the motion, which is as follows:

"5th.  Because the court erred in the following charge to the jury:  'On the other hand, if you believe from the evidence that T. B. Hunnaway and Guy King together privately stole two shirts from the store of Northrop, and of some value, and in manner and form as charged in the accusation, and that Guy King was taken and was prosecuted, and was acquitted on the ground of non-age, that is,

Edwards *vs.* The State of Georgia.

on the ground that he was under ten years of age, so as not to be generally amenable for his acts, this state of facts would excuse the State from exhibiting in evidence a record of the conviction of Guy King as a principal thief, or one of the principal thieves, thereby relieving the State of the necessity of making one of the required proofs in order to convict of the offence charged in this accusation.'"

1. We think the exception taken to this charge is well-founded. Edwards was indicted under section 4489 of the code, as an accessory after the fact, in buying the shirts from King, knowing them to be stolen. Before he could be convicted under this section, the State must show that a crime had been committed, and that the principal thief or thieves could not be taken, so as to be prosecuted and convicted. In this case it showed that King, one of the principal thieves had been taken, prosecuted and acquitted.

It is true that it was proved on the trial that he was acquitted because he was under the age of ten years. If he was under ten years of age, he was properly acquitted, because the law is "that an infant under that age shall not be considered or found guilty of any crime or misdemeanor." Code, §4295. He was acquitted, therefore, because he was not guilty of the larceny. If he was not guilty, Edwards was not guilty as an accessory after the fact, and that was the accusation made against him. Before a conviction can be had, under this section, it must be shown that the principal, whether taken or not, whether known or unknown, is guilty. We think, therefore, that the court erred in his charge to the jury, as complained of in the 5th ground of the motion.

We do not intend to rule that a person can receive stolen goods from an infant incapable of committing a crime, and not be guilty of a crime himself. On the contrary, we hold that "he who acts through an irresponsible agent is liable as principal"; and that a person so acting is not liable as accessory, but as principal. Wharton's Crim. Law, §§206, 212. It is true that these principles are gen-

v-80—9.

erally applied to persons who counsel, procure or incite infants, idiots and lunatics to commit crimes. But we see no reason why the analogy would not hold good as to per-sons who take or share the fruits of the crime after it has been committed by an infant, idiot or lunatic. If Edwards received these goods from an infant, who had taken them from Northrop's store without his consent, why would not Edwards be guilty of simple larceny, just as he would be if he had found them on the streets and concealed them and appropriated them to his own use ?

2. We think that the court should have granted a new trial upon the first ground, that the verdict was contrary to law. The accusation does not allege that Hunnaway or King either stole the goods, or that they were the prin-cipal thieves. It simply alleges that Hunnaway had fled the State, that King had been acquitted on account of his tender years, and that the defendant had received from them two shirts, knowing them to have been stolen. As before remarked, it nowhere charges that Hunnaway or King stole the shirts.

For these reasons, we reverse the judgment of the court below.

Judgment reversed.