## DANIEL v. BRASWELL.

There is in this State no law or rule of evidence which authorizes the admission of a letter or certificate from the commissioner of patents of the United States, to show what does not appear upon the records of his office.

Argued April 6, — Decided April 27, 1901.

Appeal. Before Judge Janes. Carroll superior court. October 20, 1900.

Oscar Reese, for plaintiff.

SIMMONS, C. J. It appears from the record that Tucker, in 1891, sold a certain alleged patent right to Braswell. The latter gave therefor his negotiable promissory note. Tucker sold the note to Daniel, but without indorsing it. Before Daniel purchased it, he inquired of Braswell if the note would be paid by him, and Braswell replied in writing: "You can buy the note, . . for the same is all right." When the note became due, Braswell refused to pay it. Suit was brought upon it in the name of Tucker for the use of Daniel. On the trial of the case Braswell defended on the ground that the note was obtained by fraud, and that no such patent had ever been issued as that for which the note was given. In support of this contention he tendered in evidence a certificate of the commissioner of patents of the United States, that a certain paper attached thereto was a true copy from the records of his office. The paper attached appears to be a request from the chief clerk of the Patent Office to the chief of the draughtsman's division for information, and a letter in reply stating, in substance, that no such patent had ever been issued from the Patent Office. These papers were objected to by plaintiff's counsel, and the objections overruled. The judge then directed a verdict for the defendant. The plaintiff excepted.

We think the papers objected to were clearly inadmissible. There is in this State no law or rule of evidence which will allow the introduction of such a certificate or of such letters. An officer who keeps records in this State may certify to copies taken from those records, and such a certificate will be received in evidence. A certificate from an officer that his records show or do not show certain facts is not admissible. *Greer* v. *Fergerson*, 104 *Ga.* 552, and cases cited. His certificate to the non-existence on his records of certain facts is not admissible. The way to prove the non-existence of such facts on his records is usually by the sworn testimony of the keeper of the records, or of some other person who has examined the records, that no such facts appear. It is true that, in the present case, the commissioner of patents certified that a certain paper attached was a copy from the records of his office, but the paper certified appears, upon inspection, to be a copy of a letter of inquiry from one of the officials of the office to another, and a reply by the latter that no such patent as that described had ever been issued. This is not such proof as the law requires, for the letter is, itself, merely a statement of a fact by an official. Had the judge excluded this evidence as he should have done, there would have been no evidence whatever that the consideration of the note had failed, or that there had been fraud in the procurement of the note. Without this illegal evidence, the defendant's contention was not sustained. It was, therefore, error to direct a verdict against the plaintiff.

*Judgment reversed. All the Justices concurring.*