### GRAVITT *v.* THE STATE.

SIMMONS, C. J. No error of law was committed, and the evidence was sufficient to warrant the verdict.

*Judgment reversed. All the Justices concurring, except Little, J., absent.*

Submitted February 17, — Decided March 11, 1902.

Indictment for receiving stolen goods. Before Judge Estes. Hall superior court. January 4, 1902.

*H. H. Dean,* for plaintiff in error.
*W. A. Charters, solicitor-general,* contra.

---

### STRIPLAND *v.* THE STATE.

COBB, J. 1. The accused being indicted for receiving stolen goods, and the evidence being insufficient to show beyond a reasonable doubt that at the time of the reception of the goods he knew they had been stolen, his conviction was not warranted, and a new trial should have been granted.

2. While in order to convict one of the offense of receiving stolen goods the guilt of the principal must be shown (*Edwards* v. *State,* 80 *Ga.* 127), the record of the conviction and sentence of the principal is prima facie evidence of his guilt, and places the onus upon the accused of showing that he was not properly convicted. *Anderson* v. *State,* 63 *Ga.* 675 (3); *Coxwell* v. *State,* 66 *Ga.* 310 (3).

*Judgment reversed. All the Justices concurring, except Little, J., absent.*

Submitted February 17, — Decided March 11, 1902.

Indictment for receiving stolen goods. Before Judge Estes. Hall superior court. January 4, 1902.

*H. H. Dean,* for plaintiff in error.
*W. A. Charters, solicitor-general,* contra.