## FORD v. THE STATE.

1. An indictment under the Penal Code, § 168, against one for receiving stolen goods, knowing them to be stolen, must allege that the principal thief has been indicted and convicted.

2. The conviction of the principal is not an element in the crime defined in the Penal Code, § 168, but is a regulation which affects the time when or the manner in which a person indicted under said section can be tried. The gist of the offense created by said section is buying or receiving goods with the felonious knowledge that they were stolen.

3. Before a conviction can be had for the offense created under said section, it must be shown that the principal, whether taken or not, whether known or not, is guilty. The record of the conviction of the principal thief is conclusive evidence of his conviction, but is merely prima facie evidence of his guilt; but the introduction of such record in evidence by the State places the onus upon the accessory of disproving the guilt of the principal.

4. Where the indictment against a person under said section alleged that the principal thief had been tried and convicted, but where thereafter the conviction of the principal was set aside and a new trial granted, not for any defect in the indictment, but for some error committed in the trial of the case of the principal, which required the grant of a new trial, and where before the trial of the accessory the principal pleaded guilty and was sentenced thereon, the record in the trial of the case of the principal thief was admissible for the purpose of showing the prima facie guilt of the principal.

---

Criminal Law, 16 C. J. p. 142, n. 30, 34 New; p. 144, n. 61; p. 145, n. 69, 70, 75; p. 402, n. 67.

Receiving Stolen Goods, 34 Cyc. p. 515, n. 12; ·p. 519, n. 43; p. 521, n. 59; p. 526, n. 92; p. 529, n. 10.

(*a*) A plea of guilty stands upon the same footing as a conviction by a jury, and has the same force and effect as a verdict of guilty.

(*b*) The averment of the indictment, that the defendant had been indicted and convicted, was fully shown by the production of the indictment and the conviction; and where this conviction was set aside by the grant of a new trial, the purpose of requiring such averment and proof was substantially effectuated by a plea of guilty by the principal before the trial of the accessory was begun.

(*c*) The accessory could waive the conviction of the principal and go to trial on the charge preferred against him; and where the defendant knew that the conviction of the principal had been set aside by the grant of a new trial, and went into the trial of the case without raising any objection to so doing on the ground that the principal had not been convicted, this amounted to a waiver on his part.

No. 5153.   June 25, 1926.   Rehearing denied July 15, 1926.

The Court of Appeals (in Case No. 16769) certified the following questions:

"1.   Where the principal thief in a burglary case was convicted, and thereafter a person was indicted for receiving stolen goods from him, knowing them to have been stolen, and the goods so received were alleged to have been taken from the burglarized store, and the indictment alleged that the principal thief had been 'indicted, tried, and convicted as principal in said burglary,' and where thereafter the principal thief was granted a new trial by the Court of Appeals, and after the granting of this new trial the person indicted for receiving the stolen goods was put on trial, were the indictment against the principal thief, the verdict of the jury thereon, the motion for a new trial with the order overruling it, the copy of the bill of exceptions, the copy of the affidavit and remittitur from the Court of Appeals granting a new trial, and the judgment of the superior court of the county where the case was originally tried, making the judgment of the Court of Appeals the judgment of said court (the same being the entire record in the case against the principal thief), admissible in evidence as against the objection that they were irrelevant, inadmissible, incompetent, and prejudicial, and that the record showed that the conviction of the principal thief was nugatory, it having been set aside by the Court of Appeals and a new trial granted, that it had no evidentiary value, that it was nothing more than a corpse, its life having been taken away by the judgment of reversal, and that it was not admissible or relevant in proof of the allegations in the indictment which the State was bound to prove, to

wit, that the principal thief had, before then—that is before the finding of the bill of indictment against the person charged with receiving the stolen goods,—been arrested, indicted, tried and convicted as the principal in the said burglary?

"2.   Under the circumstances stated in the preceding question, was the plea of guilty, entered by the principal thief after the return of the indictment against the person charged· with receiving the stolen goods, admissible in evidence, as against the objection that the same was irrelevant, improper, and prejudicial to the defendant, that it did not support the allegations in the indictment which the State was required to prove, to wit, that the principal thief in the burglary had been heretofore—that is before the finding of the bill of indictment against the defendant—arrested, indicted, tried, and convicted as the principal thief in the said case, but that the said record of the plea of guilty and the sentence of the principal thief constituted and operated as a variance between the allegations of the State's indictment and the proof in the State's evidence?"

*R. D. Feagin* and *T. J. Cochran,* for plaintiff in error.

*Charles H. Garrett, solicitor-general,* contra.

HINES, J.   If any person shall buy or receive any goods which have been stolen or feloniously taken from another, knowing the same to be stolen or feloniously taken, such person shall be an accessory after the fact, and shall receive the same punishment as would be inflicted on the person convicted of having stolen or feloniously taken the property.   Penal Code, § 168.   If the principal thief can not be taken, so as to be prosecuted and convicted, the person buying or receiving the goods stolen or feloniously taken by such principal thief, knowing the same to be stolen or feloniously taken, shall be punished as prescribed in the preceding section.   § 169.   In *Loyd* v. *State, 42 Ga.* 221, Chief Justice Lochrane, who delivered the opinion of the court, said:   "To receive stolen goods, knowing them to be stolen, did not fall under any of the definitions of the common law, and did not constitute the receiver an accessory, but was in itself a distinct and separate offense."   In *Bieber* v. *State, 45 Ga.* 569, this court held that the section first above referred to creates a distinct offense.   While this is so, it is held in *Bieber's* case that the defendant "may be indicted as an 'accessory after the fact.'"   In *Jordan* v. *State, 56 Ga.*

92, this court held that "An indictment for this offense under section 4488 of the Code [of 1873, now Penal Code, § 168] should allege that the principal thief has been tried and convicted of the offense; if such principal can not be taken so as to be prosecuted and convicted, then the accessory in receiving the stolen goods should be indicted under section 4489 [Code of 1873] for a misdemeanor." It is to be noted that section 4489 of the Code of 1873 is not identical with section 169 of the present Penal Code of this State. The ruling in *Jordan's* case was followed in *Butler* v. *State, 57 Ga.* 610. In *Martin* v. *State, 95 Ga.* 478 (20 S. E. 271), it was said that the correctness of the ruling in *Jordan's* case "admits of grave doubt;" but the principle ruled in *Jordan's* case was again positively asserted in *Rogers* v. *Brown, 138 Ga.* 750 (75 S. E. 1131). While the writer shares in the doubt expressed by Mr. Justice Lumpkin, we think the principle announced in *Jordan's* case has become the settled rule in this State. It is now, therefore, the settled law in this State that an indictment against one for receiving stolen goods, knowing them to be stolen, must allege that the principal thief has been indicted and convicted. Under the facts stated in the first question propounded by the Court of Appeals, the indictment complied with this requirement of our decisions. It was therefore a valid indictment. It was in no sense void.

The conviction of the principal, after the indictment of the accessory, was set aside and a new trial granted, not for any defect in the indictment, but for some error committed in the trial of the case of the principal, which required the grant of a new trial. Thereafter, and before the trial of the accessory, the principal pleaded guilty, and was sentenced upon his plea of guilty. In these circumstances, could the accessory be tried and convicted? It is to be borne in mind that the indictment and conviction of the principal is not an element of the crime of receiving stolen goods, knowing them to be stolen. Section 169 of the Penal Code, which defines this offense, does not make indictment and conviction of the principal an element of this offense. The requirement that the principal shall be indicted and convicted relates to the time when or manner in which the accessory can be tried. In *Cantrell* v. *State, 141 Ga.* 98, 101 (80 S. E. 649), Chief Justice Fish, who delivered the opinion of the court, said: "The conviction of the principal is not an element in the crime, but it affects the time

when or manner in which the accessory can be tried. In other words, it is not an element in the crime, but is a regulation affecting the trial." The gist of the offense created by section 168 of the Penal Code is the buying or receiving goods with the felonious knowledge that the goods were stolen. *O'Connell* v. *State,* 55 *Ga.* 191; *Cobb* v. *State,* 76 *Ga.* 664; *Springer* v. *State,* 102 *Ga.* 447, 452 (30 S. E. 971). Before a conviction can be had for this offense, it must be shown that the principal, whether taken or not, whether known or not, is guilty. *Edwards* v. *State,* 80 *Ga.* 127 (4 S. E. 268) ; *Stripland* v. *State,* 114 *Ga.* 843 (40 S. E. 993). The record of the conviction of the principal thief is conclusive evidence of his conviction, but is merely prima facie evidence of his guilt; but the introduction of such record in evidence by the State places the onus upon the accessory of disproving the guilt of the principal. *Studstill* v. *State,* 7 *Ga.* 2 (4) ; *Anderson* v. *State,* 63 *Ga.* 675; *Coxwell* v. *State,* 66 *Ga.* 309 (3) ; *Stripland* v. *State,* supra; *Rawlins* v. *State,* 124 *Ga.* 56 (52 S. E. 1) ; *Cantrell* v. *State,* supra. A plea of guilty stands upon the same footing as a conviction by a jury. It has the same force and effect. *Groves* v. *State,* 76 *Ga.* 808; *Cantrell* v. *State,* supra.

The indictment and conviction of the principal not being an element of the offense, but a mere regulation of procedure, did the grant of a new trial to the principal, after the accessory had properly been indicted but before his trial, prevent the trial of the accessory under the indictment? The purpose of the requirement that the indictment against the accessory should aver the indictment and conviction of the principal is to prevent the conviction of the accessory of a crime of which the principal may subsequently be acquitted. The purpose of this averment and its proof is to establish the prima facie guilt of the accused. A plea of guilty by the principal is the equivalent of his conviction. The fact that the plea of guilty is entered after a previous conviction has been set aside by the grant of a new trial, subsequently to the indictment of the accessory, should not be permitted to work the acquittal of the defendant and put him in a position where he could plead his former ·acquittal in bar of any subsequent indictment that might be returned against him. This exact question has not been before this court, but certain decisions have been rendered by this court which throw light upon this question. In *Loyd* v.

*State,* 45 *Ga.* 57, this court held that "It is not a good ground for the continuance of the case against an accessory before the fact, to show that the principal felon has been convicted, yet that he intends moving for a new trial." In *Groves* v. *State,* supra, the principal and accessory were indicted jointly, but in separate counts. Pending the trial the principal filed his plea of guilty. During the progress of the trial the court permitted him to withdraw his plea. This court held that where the principal pleaded guilty and his plea was entered of record, "this was sufficient to authorize the court to proceed with the trial of another defendant indicted as an accessory before the fact, although no judgment had been rendered on the plea of guilty entered by the defendant." We submit that the same would be applicable if the accessory was one after the fact. This court further held that when the court permitted the principal to withdraw his plea of guilty, there was no error of which the accessory could complain in charging the jury that the plea of guilty was still before them and might be considered by them to show prima facie the guilt of the principal. In *Braxley* v. *State,* 17 *Ga. App.* 196 (86 S. E. 425), the Court of Appeals held that the requirement that the principal should be convicted before an accessory could be tried was complied with where a plea of guilty of one of the principals was entered, after the return of the indictment but at such time as to permit proof of his conviction to be submitted on the trial of the accessory. That court further held that "The fact that one of the principals . . pleaded guilty after the trial of the alleged accessory had begun afforded the latter no cause for complaint." The averment of the indictment that the defendant had been indicted and convicted was fully shown by the production of the indictment and the conviction. When this conviction was set aside by the grant of a new trial, the purpose of requiring such an averment was substantially effectuated by a plea of guilty entered by the principal before the trial of the accessory was begun.

But if this position is unsound, the case is controlled by another well-settled principle of law. The accessory can waive the conviction of the principal and go to trial on the charge preferred against him. *Cantrell* v. *State,* supra. By the common law, the accessory could not be arraigned until the principal was attainted, unless he chose it; for he might waive the benefit of the law. 4

Hammond's Blackstone, 415. Where the defendant knew that the conviction of his principal had been set aside by the grant of a new trial, and went into the trial of his case without raising any objection to so doing on the ground that the principal had not been convicted, this amounted to a waiver on his part. It follows that the questions propounded by the Court of Appeals should be answered in the affirmative.          *All the Justices concur.*