## 20418.  WHITEHEAD *v.* THE STATE.

DECIDED MAY 14, 1930.

*M. B. Eubanks,* for plaintiff in error.

*M. Neil Andrews, solicitor-general, Dean Owens,* contra.

BLOODWORTH, J. The indictment in this case charged that Lee Whitehead did "unlawfully buy and receive from Alfred Whitehead four hundred ninety dollars in lawful money and currency and of the value of four hundred ninety dollars, the same being the property of Jeff Whitehead, the same having been feloniously stolen by Alfred Whitehead, the principal thief, the said Alfred Whitehead having plead guilty to the offense of larceny from the house of the said money from the house of the said Jeff Whitehead, the said Lee Whitehead knowing said goods were stolen when he so bought and received them from said thief." This indictment was demurred to as follows: "Because said indictment does not allege that the said Alfred Whitehead, denominated therein as the principal thief, has been tried and convicted of the offense charged, and the allegation that he has been indicted and plead guilty to the charge made is insufficient in that it does not allege that a judgment of conviction, i. e. sentence, has been entered thereon, and until sentence has been duly and legally entered, the defendant has a legal right to withdraw his alleged plea of guilty, and an indictment charging the offense of larceny from the house, with a plea of guilty entered therein, and without judgment and sentence thereon is not a conviction, not a final disposition of the case, and is not a substitute for an allegation of a trial and conviction. And he insists that it is necessary to show as a condition precedent to his indictment that the said Alfred Whitehead has been legally convicted of the offense alleged, which is not done by merely showing an indictment and plea thereon which the defendant can withdraw at any time before sentence." It is well settled in this State that where one is accused of receiving stolen goods, knowing them to be stolen or feloniously taken from another, and has been arrested, an indictment against him must allege that the principal thief has been convicted, and upon his trial it must be shown that the principal is guilty. *Simmons* v. *State,* 4 *Ga.* 465; *Ford* v. *State,* 162 *Ga.* 426 (134 S. E. 95). Counsel for plaintiff in error in his brief says: "The law question in the case may be stated, 'Does the allegation that the defendant had filed a plea of guilty (but not [been] sentenced) amount to or is it the legal equivalent of an allegation that the defendant (principal thief) has been convicted of

468

the larceny of the alleged stolen goods?" The answer to this question decides the case. I contend that the allegation that the principal thief has filed a plea of guilty is not an allegation that he has been convicted of the offense charged." We think that the contention of plaintiff in error is shown to be erroneous by the following quotation from *Ford* v. *State,* supra: "It is to be borne in mind that the indictment and conviction of the principal is not an element of the crime of receiving stolen goods, knowing them to be stolen. Section 169 of the Penal Code, which defines this offense, does not make indictment and conviction of the principal an element of this offense. The requirement that the principal shall be indicted and convicted relates to the time when or manner in which the accessory can be tried. In *Cantrell* v. *State,* 141 *Ga.* 98, 101 (80 S. E. 649), Chief Justice Fish, who delivered the opinion of the court, said: 'The conviction of the principal is not an element in the crime, but it affects the time when or manner in which the accessory can be tried. In other words, it is not an element in the crime, but is a regulation affecting the trial.' The gist of the offense created by section 168 of the Penal Code is the buying or receiving goods with the felonious knowledge that the goods were stolen. *O'Connell* v. *State,* 55 *Ga.* 191; *Cobb* v. *State,* 76 *Ga.* 664; *Springer* v. *State,* 102 *Ga.* 447, 452 (30 S. E. 971). Before a conviction can be had for this offense, it must be shown that the principal, whether taken or not, is guilty. *Edwards* v. *State,* 80 *Ga.* 127 (4 S. E. 268); *Stripland* v. *State,* 114 *Ga.* 843 (40 S. E. 993). The record of the conviction of the principal thief is conclusive evidence of his conviction, but is merely prima facie evidence of his guilt; but the introduction of such record in evidence by the State places the onus upon the accessory of disproving the guilt of the principal. *Studstill* v. *State,* 7 *Ga.* 2 (4); *Anderson* v. *State,* 63 *Ga.* 675; *Coxwell* v. *State,* 66 *Ga.* 309 (3); *Stripland* v. *State,* supra; *Rawlins* v. *State,* 124 *Ga.* 56 (52 S. E. 1); *Cantrell* v. *State,* supra. A plea of guilty stands upon the same footing as a conviction by a jury. It has the same force and effect. *Groves* v. *State,* 76 *Ga.* 808; *Cantrell* v. *State,* supra. The indictment and conviction of the principal not being an element of the offense, but a mere regulation of procedure, did the grant of a new trial to the principal, after the accessory had properly been indicted but before his trial, prevent the trial of the accessory under

the indictment? The purpose of the requirement that the indictment against the accessory should aver the indictment and conviction of the principal is to prevent the conviction of the accessory of a crime of which the principal may subsequently be acquitted. The purpose of this averment and its proof is to establish the prima facie guilt of the accused. A plea of guilty by the principal is the equivalent of his conviction. The fact that the plea of guilty is entered after a previous conviction has been set aside by the grant of a new trial, subsequently to the indictment of the accessory, should not be permitted to work the acquittal of the defendant and put him in a position where he could plead his former acquittal in bar of any subsequent indictment that might be returned against him. This exact question has not been before this court, but certain decisions have been rendered by this court which throw light upon this question. In *Loyd* v. *State,* 45 *Ga.* 57, this court held that 'It is not a good ground for the continuance of the case against an accessory before the fact, to show that the principal felon has been convicted, yet that he intends moving, for a new trial.' In *Groves* v. *State,* supra, the principal and accessory were indicted jointly, but in separate counts. Pending the trial the principal filed his plea of guilty. During the progress of the trial the court permitted him to withdraw his plea. This court held that where the principal pleaded guilty, and his plea was entered of record, 'this was sufficient to authorize the court to proceed with the trial of another defendant indicted as an accessory before the fact, *although no judgment had been rendered on the plea of guilty entered by the defendant.'* We submit that the same would be applicable if the accessory was one after the fact. This court held that when the court permitted the principal to withdraw his plea of guilty, there was no error of which the accessory could complain in charging the jury that the plea of guilty was still before them and might be considered by them to show prima facie the guilt of the principal. In *Braxley* v. *State,* 17 *Ga. App.* 196 (86 S. E. 425), the Court of Appeals held that the requirement that the principal should be convicted before an accessory could be tried was complied with where a plea of guilty of one of the principals was entered, after the return of the indictment but at such time as to permit proof of his conviction to be submitted on the trial of the accessory. That court further held that 'The fact that one of

470

the principals . . pleaded guilty after the trial of the alleged accessory had begun afforded the latter no cause for complaint.'" Under the rulings in the foregoing case and the cases cited in the opinion, the indictment is not subject to demurrer, and the court did not err in overruling it.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*