25087. Smith, alias Adams, *v.* The State.

Broyles, C. J. 1. In order to convict a person of the offense of knowingly receiving stolen goods, it must be charged in the indictment or accusation that the principal thief, if known, has been tried and convicted. *Jordan* v. *State,* 56 *Ga.* 92; *Edwards* v. *State,* 80 *Ga.* 127 (2), 129 (4 S. E. 268); *Simmons* v. *State,* 4 *Ga.* 465; *Stripland* v. *State,* 114 *Ga.* 843 (2) (40 S. E. 993); *Wright* v. *State,* 1 *Ga. App.* 158 (57 S. E. 1050); *Ford* v. *State,* 162 *Ga.* 422 (1) (134 S. E. 95). The ruling in *Tinch* v. *State,* 11 *Ga. App.* 158 (74 S. E. 1003), that it is "not necessary to allege in an *accusation* [italics ours] that the real thief had been taken and convicted, or to state any reason why he had not been convicted," is contrary to the rulings of the Supreme Court and the older adjudications of this court, and will not be followed. In *Edwards* v. *State,* and *Wright* v. *State,* supra, the defendants were tried on accusations. Under this ruling, the court properly overruled the special demurrer which alleged that all references in the accusation to the conviction of the principal thief were "surplusage as a matter of law" and should be stricken.
2. While non-compliance with the provisions of the act of 1929 (Ga. L. 1929, p. 233, Code of 1933, § 106-301) making it unlawful for any person or partnership to conduct a business under a trade-name, unless such person or partnership shall first file, in the office of the clerk of the superior court, in the county where the business is conducted, an affidavit signed by such person or partnership, "setting forth the full name or names of the true owner or owners of said business," will prevent any person or partnership conducting a business in violation of the provisions of said act from maintaining any suit on the civil side of a court of law (*Dunn* v. *Pinkston,* 179 *Ga.* 31, 175 S. E. 4; *Prater* v. *Larabee Co.,* 180 *Ga.* 581, 180 S. E. 235), the act has no application to a criminal proceeding where (as in this case) the non-complying entity (a partnership) was prosecuting the defendant for the offense of knowingly receiving stolen goods. The plea in abatement was properly overruled.

3. Under the facts of the case the refusal to grant a mistrial because of alleged improper argument of the solicitor was not error.

4. The remaining special assignments of error are without substantial merit, and the verdict was authorized by the evidence.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*

DECIDED DECEMBER 6, 1935.

*Joseph B. McGinty*, for plaintiff in error.
*Howard B. Payne, solicitor*, contra.