## 25974. CARY *v.* THE STATE.

Decided January 21, 1937.

*Roy S. Drennan, Claud F. Brackett, Fred W. Brewer,* for plaintiff in error.

*Robert McMillan, solicitor-general,* contra.

Broyles, C. J. ■ The defendant was convicted of the offense of cheating and swindling, and his motion for new trial was overruled. On the call of the case the defendant interposed a demurrer to the indictment, which was overruled. The bill of exceptions recites that to the judgment on the demurrer "the defendant immediately tendered exceptions pendente lite, which were promptly approved, certified, and ordered filed by the court." However, the final bill of exceptions contains no direct assignment of error on either the exceptions pendente lite or the judgment therein complained of. The overruling of the demurrer is the first special ground of the motion for new trial, and the only assignment of

error argued in the brief of counsel for the plaintiff in error is the one based on the overruling of the motion for a new trial. Under these circumstances, and it being well settled that a judgment on a demurrer can not be the basis of a ground of a motion for new trial (*Polhill* v. *State,* 25 *Ga. App.* 383, 103 S. E. 469), that judgment can not be reviewed in this case.

■ "An assignment of error on the ground that the court erred in admitting certain evidence, without showing . . upon what ground the objection was based, raises no question for decision. . . In grounds 15 and 16 of the motion error is assigned upon the admission of the evidence of a named witness, but does not show upon what ground the objection is based; and the assignment of error is therefore incomplete." *Clare* v. *Drexler,* 152 *Ga.* 419 (5, 7) (110 S. E. 176). Under this ruling, special grounds 2 and 3 of the motion for new trial in the instant case raise no question for the determination of this court.

■ Where it is sought to show that certain records do not contain a certain thing, the testimony of the keeper of the records, or of any other person who has read the records, that the records do not show the thing in question, is not inadmissible on the ground that the records themselves are the highest and best evidence. *Hines* v. *Johnston,* 95 *Ga.* 629 (3), 644 (23 S. E. 470); *Daniel* v. *Braswell,* 113 *Ga.* 372 (38 S. E. 829); *Jordan* v. *State,* 127 *Ga.* 278 (2) (56 S. E. 422). The ruling in *Griffin* v. *Wise,* 115 *Ga.* 610, 612 (41 S. E. 1003), cited by counsel for the plaintiff in error, that "books are admissible in evidence to show that they do not contain a given entry," is not in conflict with the foregoing ruling; for in that case Justice Cobb said that "it was not the only way of proving this fact," and cited, "in this connection," *Hines* v. *Johnston,* and *Daniel* v. *Braswell,* supra. Under this ruling, the testimony complained of in ground 4 of the motion was properly admitted.

■ "While non-compliance with the provisions of the act of 1929 (Ga. L. 1929, p. 233, Code of 1933, § 106-301), making it unlawful for any person or partnership to conduct a business under a trade-name, unless such person or partnership shall first file, in the office of the clerk of the superior court, in the county where the business is conducted, an affidavit signed by such person or partnership, 'setting forth the full name or names of the true

owner or owners of said business,' will prevent any person or partnership conducting a business in violation of the provisions of said act from maintaining any suit on the civil side of a court of law (*Dunn & McCarthy Inc.* v. *Pinkston,* 179 *Ga.* 31, 175 S. E. 4; *Prater* v. *Larabee Co.,* 180 *Ga.* 581, 180 S. E. 235), the act has no application to a criminal proceeding where (as · in this case) the non-complying entity (a partnership) was prosecuting the defendant for the offense of knowingly receiving stolen goods. The plea in abatement was properly overruled." *Smith* v. *State,* 52 *Ga. App.* 207 (2) (182 S. E. 858). Applying this ruling to the facts of the instant case, the failure of the court to give the requested charge set forth in ground 5 of the motion was not error.

■ The verdict was authorized by the evidence.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*