### 37148. STANLEY *v.* THE STATE.

TOWNSEND, Judge. 1. On the trial of the defendant for receiving stolen goods knowing them to have been stolen, undisputed testimony that there was a burglarious entry of

a furniture store and removal of certain articles of furniture, plus testimony of an accomplice of the defendant that under the defendant's direction he proceeded with him to the receiving yard in the rear of the store and found a truck loaded with the furniture which he drove away and delivered to the defendant at a place designated by the defendant (this testimony being corroborated in various particulars by other witnesses) together with evidence that the furniture in question was later found in the possession of the defendant, is sufficient to authorize a conviction.

2. It is the contention of the defendant that the State has the burden of proving that the defendant was not the principal thief, and that this burden has not been carried, for which reason the defendant should be acquitted. The indictment against this defendant was originally brought in two counts. He was acquitted upon the first trial of the count charging him with burglary, and a new trial granted as to the other count. · See *Stanley* v. *State*, 94 *Ga. App.* 737 (96 S. E. 2d 195). On the second trial the State alleged and proved a burglarious entry of the store and an asportation of the merchandise to a truck located on the rear of the premises. The evidence shows a completed crime of burglary and that the merchandise had been removed from the building at the time the defendant made his appearance:

It has almost universally been held, under both common-law and statutory principles, that one cannot be convicted of receiving stolen goods to the theft of which he was a principal, but in no reported case has this rule been applied so as to place on the State the burden of proving, where the thief is unknown, that such thief was not the defendant. Where the principal thieves are known, and where it appears that the defendant had prior knowledge that the goods were to be stolen or, in some cases, aided in procuring the theft, but was not present at the initial caption and asportation, the defendant may be convicted of either but not both crimes, at the election of the State. State *v.* Tindall, 213 S. C. 484 (50 S. E. 2d 188); State *v.* Sheeley, 63 Nev. 88 (162 Pac. 2d 96); Steele *v.* State, 213 Miss. 739 (57 So. 2d 574); People *v.* Daghita, 301 N. Y. 223 (93 N. E. 2d 649); Evans *v.* State (Tex. Crim.) 211 S. W. 2d 207; Clark *v.* State (Tex. Crim.) 95 S. W. 2d 1309; Hochman *v.* State (Tex. Crim.) 170 S. W. 2d 756. See many other cases to same effect cited in 136 A. L. R. 1088.

Thus where the defendant was approached by thieves who intended stealing certain merchandise from a Government warehouse, and he agreed to buy it prior to the theft, made arrangements for its storage, met the thieves immediately after they had taken the goods at a street corner in Baltimore and conducted them to the warehouse, paying them $300 on account, but later became worried over the Federal investigation and turned the goods back to the thieves, receiving his money back and taking no part in the division of the property, it was held that "while the appellant's subsequent participation in the transportation of the goods may amount to larceny, it may also be considered as his first active step in the receipt of property stolen by other persons." Aaronson v. U. S., 175 Fed. 2d 41. The rule as stated in 2 Wharton's Criminal Law (12th ed.) 1551, § 1234, is as follows: "As an elementary principle, *if larceny by the defendant be proved*, though the offender appear only to be a principal in the second degree, the charge of receiving falls, because the offenses are substantially distinct, and because there can be no guilty reception unless there be a prior stealing by another. But this reasoning fails, when on an indictment for receiving, *proof transpires* to show that the defendant was also an accessory before the fact. The offenses are so distinct that one cannot be said to merge in the other, nor is conviction of the one in any way incompatible with conviction of the other. Hence, in defiance of such testimony the defendant, if there be sufficient evidence of guilty receiving, may be convicted of such receiving." (Italics ours.) As stated in 136 A.L.R. 1093: "As to one whom the facts show to be the person who actually did the stealing, there is, of course, no difficulty or controversy in applying the principle that a thief cannot be guilty of the crime of receiving, concealing, or aiding in the concealment of stolen property, and it is only where one accused of receiving stolen property is a mere aider or participant in the commission of the larceny that the question becomes controversial."

There is no question but that in Georgia, as elsewhere, the State need not show the identity of the principal thief on an indictment for receiving stolen goods where it alleges and proves that such principal thief is unknown. What must be shown is that the principal thief "whether taken or not, whether known or not, is guilty." *Ford* v. *State*, 162 *Ga.* 422 (3) (134 S. E. 95); *Edwards* v. *State*, 80 *Ga.* 127 (4 S. E. 268); *Strip-*

*land* v. *State,* 114 *Ga.* 843 (40 S. E. 993) ; *Wright* v. *State,* 1 *Ga. App.* 158 (1) (57 S. E. 1050) ; *Ford* v. *State,* 35 *Ga. App.* 655 (10) (134 S. E. 353) ; *Gaspin* v. *State,* 76 *Ga. App.* 375, 379 (45 S. E. 2d 785). As stated in the *Gaspin* case, it is sufficient to allege and prove that the goods were stolen by *someone,* and it is not even necessary to prove that the receiver acquired them from the original thief.

If the burden were upon the State to prove (as it must prove every essential element of the crime) *beyond a reasonable doubt* that the defendant could not have been the thief, conviction would obviously be impossible where the principal thief is unknown, because the State would have the burden of proving that the defendant was not the same person as an unknown person, which can ordinarily only be done by showing who that person is, in which case he is no longer unknown. It follows that no affirmative duty rests on the State to prove the defendant's *innocence* of the larceny or burglary before it can convict him as a receiver. What it must do is show there was a theft, and accordingly that there was a principal thief, and it must not appear that that principal thief was in fact the defendant. Should this appear, of course, the principal thief is no longer unknown. The State would then have failed to prove the allegation in the indictment that such thief was unknown, and it would further appear that the defendant, being the thief, was innocent of the charge of receiving. *Suggs* v. *State,* 59 *Ga. App.* 394 (1 S. E. 2d 39), was reversed on the ground that no original theft was proved. The statement in that case that to constitute the offense charged "it is essential that it be shown . . . that the goods had been stolen by some person other than the accused" was not an attempt to state that the burden was on the State to show the defendant innocent of the theft, but was a correct statement that there must be a theft proved, and it must not appear that the defendant was the thief.

It follows from what has been said above: (1) that the defendant, if he be shown to be the person who actually entered and removed the property, cannot be convicted as a receiver; (2) that the State may allege and prove that the principal thief is unknown, provided it proves the theft beyond a reasonable doubt; (3) that there may be cases, not involved here, where the defendant, if he were a procurer of the burglary or otherwise an accessory before the fact, but was not himself

present at the initial caption and asportation of the property, might be guilty either of larceny or of receiving stolen goods, in which case the State could elect upon which to prosecute him; (4) that in no event could the State prosecute him to conviction upon both, and (5) there are types of asportation, subsequent to the initial caption of the property, which would go equally to prove the defendant guilty of larceny (as in *Laminack* v. *State,* 54 *Ga. App.* 207, 187 S. E. 620) or to prove "the first active step in receiving the property stolen by other persons." Aaronson *v.* U. S., 175 Fed. 2d 41, supra.

The record here fails to indicate any fact from which an inference could be drawn that the defendant committed the burglary.

3. It is further contended that the defendant is shown to be a principal thief, or at least a thief so as to prevent his conviction for the crime of receiving stolen goods because under the testimony upon which the State relies for conviction he removed the property from the premises by means of the truck in which it had been located after being removed by the unknown burglar from the warehouse, and that such asportation makes him guilty of an original theft. This contention is without merit. We have already pointed out that it is possible for the thief and the receiver to be engaged in a common criminal enterprise in which one is guilty of the crime of larceny and the other of the crime of receiving stolen goods. "Participation in the commission of the same criminal act and in the execution of a common criminal intent is necessary to render one criminal, in a legal sense, an accomplice of another, and if between two persons who may be engaged in a criminal enterprise, in the execution of which two separate offenses may be committed, there is not this concurrence of act and intent, though each may commit a crime, neither is, in legal contemplation, an accomplice with the other." *Springer* v. *State,* 102 *Ga.* 447 (1) (30 S. E. 971). The crime of burglary or larceny is completed when the felonious taking is followed by the slightest asportation, and it is not necessary, to complete the crime, that the goods be removed from off the land of the owner. *Lundy* v. *State,* 60 *Ga.* 143; *Johnson* v. *State,* 9 *Ga. App.* 409 (2) (71 S. E. 507). The goods which were the subject matter of the transaction had been removed from the building where they were stored, which was a sufficient asportation, and were made available to the defendant at a place

where he arranged to receive them, which place still happened to be on the premises. While they were there, actual possession, at least, was no longer in the owner. The removal of the truck containing the stolen property was for the benefit of the receiver rather than for the benefit of the thief, which differentiates this case from *Laminack* v. *State*, 54 *Ga. App.* 207, supra. If such asportation might have been considered as an element of the crime of larceny, it was nevertheless also "the first active step in the receiving of the property" stolen from the warehouse burglarized by unknown persons. These facts show no cause for reversal.

4. The special ground of the motion for new trial, not being argued, is treated as abandoned.

The trial court did not err in denying the motion for new trial.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED JUNE 23, 1958—REHEARING DENIED JULY 8, 1958.

*Wesley R. Asinof, William E. Spence, J. O. Ewing, Marvin O'Neal, Jr., Stonewall Dyer,* for plaintiffs in error.

*Paul Webb, Solicitor-General, Carl Copeland, Thomas R. Luck, Jr., Eugene L. Tiller,* contra.