### 47163. CRAIGHEAD v. THE STATE.

CLARK, Judge. The appellant, along with George Smith and Edward Burton, was indicted for the burglary of Downing Motors, Inc., and theft of an automobile therefrom. He was found not guilty of burglary but guilty of motor vehicle theft, and received a sentence of five years imprisonment. Smith and Burton plead guilty. Appellant enumerates error on the denial of his motion for new trial (made on the general grounds only) and the court's failure to charge on criminal attempt.

1. The State's evidence was that Craighead and Smith were observed in a Mustang automobile by a police officer responding to a 3:45 a.m. call of a burglary at Downing Motors' car lot. According to the officer, they ducked

down when he first arrived. Craighead was behind the steering wheel. The car had been moved about 15 feet and a cable blocking the exit to the lot had been taken down.

There was further evidence by the State that the building on the lot had been broken into and a key to a Mustang had been taken from a desk. Car keys were found on the floorboard of the car in question on the driver's side. The sales manager of Downing Motors testified that the car was the property of Downing Motors.

Co-defendant Burton was called as a witness for the State. He testified Smith broke into the building and took down the cable blocking the exit; and that Craighead got in the car and tried to crank it and then helped Smith move the car.

Co-defendant Smith was called as a witness for Craighead. He admitted the burglary, but stated that he, not Craighead, tried to crank the car and he alone moved it. He stated Craighead had no knowledge of what he, Smith, intended to do, and that Craighead did not assist him. Craighead testified to the same effect.

The evidence authorized the jury to find there had been an unlawful taking by Craighead of a vehicle belonging to Downing Motors, Inc., with the intention of depriving the latter of the vehicle. *Code Ann.* §§ 26-1802, 26-1813. Any unlawful asportation, however slight (15 feet in this case), is sufficient to show the "taking" element. It is not necessary that property be removed from the premises of the owner. *Stanley v. State,* 97 Ga. App. 828 (3) (104 SE2d 591); *Johnson v. State,* 9 Ga. App. 409 (2) (71 SE 507) and *Lundy v. State,* 60 Ga. 143. There was no error in denying the motion for new trial on the general grounds.

2. Appellant contends the court erred in not charging the jury it would be authorized to find the defendant guilty of criminal attempt under which the maximum punishment is one-half of that for the commission. There was no error. The State's evidence was that the crime

charged was actually completed. The defendant denied participation. The jury was accordingly charged that it could convict or acquit depending upon what it found to be the truth. Where the evidence shows completion of the crime, it is not necessary for the court to charge on a lesser included offense. *Smith v. State*, 228 Ga. 293, 294 (185 SE2d 381).

*Judgment affirmed. Eberhardt, P. J., and Deen, J., concur.*

SUBMITTED MAY 5, 1972—DECIDED MAY 15, 1972.

*Glenn Zell,* for appellant.

*Lewis R. Slaton, District Attorney, Joel M. Feldman, Carter Goode,* for appellee.